Defendant-appellant, Barry Lee Hammond, appeals the Mahoning County Domestic Relations Court's judgments overruling his objections to the decision of the magistrate, denying his proposed shared parenting plan, and designating two automobiles as marital property.
Appellant and plaintiff-appellee, Jill Hammond, were married on November 23, 1991. Two children were born as issue of the marriage, Chase Hammond (D.O.B. May 3, 1992) and Dayne Hammond (D.O.B. September 25, 1993). Appellee filed a complaint for domestic violence against appellant and the parties separated in early March of 1997. Appellee dropped the domestic violence charge after the court's final order. Appellee filed for divorce on March 28, 1997.
On September 26, 1997, a magistrate ordered: (1) that appellee would be the residential parent for the pendency of the divorce and that appellant would have visitation pursuant to the standard order of visitation; (2) that appellant was required to pay child support in the amount of $496.47 per month per child; (3) that appellant was required to pay $500.00 per month in spousal support; and (4) that appellant was responsible for all existing marital debt, except the "Kohl's" account. At the time of this hearing, appellant was employed full-time at both St. Elizabeth's Hospital and Graphic Enterprises with a yearly income of approximately $49,000.00.
On October 21, 1997, appellant filed a motion to modify the magistrate's order asking for a reduction in support payments because he had taken a leave of absence from St. Elizabeth's Hospital and was, at the time, only employed at Graphic Enterprises. The magistrate found that appellant had voluntarily left his position at St. Elizabeth's without regard for its effect on his children's support payments and imputed income to appellant in an amount equal to half of what he had earned at St. Elizabeth's. The magistrate reduced appellant's child support payments to $260.06 per child per month and found appellant in contempt for not making his previous payments.
The trial court heard appellant's objections at the beginning of the divorce trial. The trial court found that the magistrate did not err in imputing income to the appellant nor did she err in finding appellant in contempt. The trial court issued findings of fact and conclusions of law on May 25, 1998. The court granted the parties a divorce on the grounds that they had been living separate and apart for one year, pursuant to R.C. 3105.01 (J). The court designated appellee the residential parent of the children and granted appellant visitation and ordered him to pay child support based on his present income. The trial court divided the marital property including a 1988 Cadillac and a 1986 Mercedes Benz which appellant claimed were separate properties. The trial court awarded appellee the Mercedes as set off against appellant's arrearages and ordered that the parties sell the Cadillac and apply the proceeds toward their joint Visa bill. On June 25, 1998, appellant timely filed this appeal.
Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, BY OVERRULING THE APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S ORDER OF JANUARY 26, 1998."
Appellant argues that he had to quit one of his full-time jobs because of the stress he was under due to the fact that he no longer had support from his wife and he could not exercise meaningful visitation with his children. He claims that he had no time to sleep or do household chores. Appellant argues that the magistrate imputed income to him based solely on the fact that he had previously worked two full-time jobs. He argues that there was no finding that he was unemployed or underemployed. The magistrate said the court would not require someone to work two full-time jobs. The trial court held that it would not impute income to appellant because he was employed full-time, however, appellant still owed support from the income that the magistrate previously imputed. Appellant argues that both the magistrate and the trial court abused their discretion by ordering him to pay support obligations that were unreasonable under the circumstances.
The Ohio Supreme Court has held that whether to impute potential income to a party in a divorce and whether a parent is voluntarily unemployed or underemployed are questions of fact for the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Rock v. Cabal (1993), 67 Ohio St.3d 108,112. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3113.215 (A) (5) (a) states that imputed income is income that the court determines a parent would have earned if fully employed based on the parent's recent work history, occupational qualifications, and prevailing job opportunities in the community.
In the present case, appellant had worked two full-time jobs. He took a leave of absence from St. Elizabeth's Hospital after the court ordered him to pay child and spousal support. Appellant remained working at Graphic Enterprises on a full-time basis. Appellant testified at the hearing of January 26, 1998 that he was under too much stress to continue both jobs because he had no support from his wife and had a hard time visiting his children.
The magistrate held that the court would not hold appellant to the income of two full-time jobs; however, since he terminated one of his jobs without regard to its effect on his children, the court imputed part-time income of appellant's salary at St. Elizabeth's. Furthermore, appellant never complained of stress until the court ordered that he pay child and spousal support. The magistrate's decision was based on appellant's credibility and his recent work history and, therefore, was not unreasonable, arbitrary, or unconscionable. Consequently, the trial court's decision in this regard did not constitute an abuse of discretion.
Appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, BY DENYING THE APPELLANT'S MOTION TO ADOPT A PROPOSED SHARED PARENTING PLAN FILED BY THE APPELLANT AND ESTABLISHING THE APPELLEE AS THE RESIDENTIAL PARENT FOR THE PARTIES' MINOR CHILDREN."
Appellant argues that the shared parenting plan he proposed was in the best interest of the children and was fair to both parties. Appellant's plan provided that: (1) the children spend alternating Saturdays with each parent; (2) the children spend Sunday, Monday, and Tuesday with appellant; (3) the children spend Wednesday, Thursday, and Friday with appellee; and (4) holiday visitations would alternate. Appellant also argues that the trial court reviewed the factors contained in R.C. 3109.04
(F) and most were neutral to shared parenting while some factors were even favorable to shared parenting such as appellant's willingness to arrange his work schedule to fit the parenting plan and the parties' agreement that both were good parents. Appellant also points out the fact that the domestic violence charge filed against him was eventually dismissed. Appellant further claims that he wants to work with appellee in parenting decisions.
The Ohio Supreme Court has held that the trial court's decision regarding the allocation of parental rights and responsibilities can be reversed only upon a showing of abuse of discretion.Masters v. Masters (1994), 69 Ohio St.3d 83, 85.
R.C. 3109.04 (F) sets out the factors a trial court should consider when determining the best interest of a child, including: the wishes of the parents, the wishes of the child, the child's interaction with parents and others, the child's adjustment to school and community, the mental and physical health of the parties, the parent more likely to honor visitation rights, any child support arrearage, any conviction of parents, any denial of visitation rights, residence outside Ohio, the ability of parents to cooperate and make joint decisions, the ability of parties to encourage love and contact between the child and the other parent, any history of child or spouse abuse, and geographic proximity.
In this case, the trial court went through each of the statutory factors and came to the conclusion that establishing appellee as the residential parent was in the children's best interest. As to the wishes of the parents, appellee opposed shared parenting while appellant testified that it was in the children's best interest. Both parties testified that the other was a good parent. The court interviewed both children and determined that they were too young to articulate a preference as to which parent they wanted to live with. The court found that both children were functioning well and had many friends in their schools, neighborhood, and day care environments. Several factors weighed in favor of designating appellee as the residential parent. Appellee was the children's primary caretaker. Also, appellee had honored the court's visitation schedule and accommodated special requests by appellant to see the children. The children had a close relationship with their child care provider who testified that appellee was a good housekeeper, provided healthy meals for the children, and encouraged their black heritage through pictures and books in their home. Appellant did not fully exercise his visitation rights. Furthermore, appellant's child support was significantly in arrears as was his court-ordered obligation for the household expenses where his children reside. Consequently, the trial court did not abuse its discretion.
Accordingly, appellant's second assignment of error is without merit.
Appellant's third assignment of error states:
 "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, BY TREATING 2 AUTOMOBILES AS MARITAL PROPERTY WHEN THE UNCONTROVERTED EVIDENCE INDICATED THAT THESE ASSETS WERE SEPARATE PROPERTY."
Appellant argues that the trial court must disburse separate property to its owner and should not treat it as a marital asset.Fritz v. Fritz (Feb. 17, 1995), Columbiana App. No. 93-C-66, unreported. Appellant claims that he received the 1988 Cadillac as a gift after the parties had separated and that appellee did not know about the Cadillac until he mentioned it at a hearing. Appellant also argues that appellee did not present any evidence that the Cadillac was intended to be a gift to both of them. As to the 1986 Mercedes Benz, appellant argues that he purchased it before the parties' marriage. Appellant argues that appellee's only claim to it is that he made the payments from a joint checking account with appellee's maiden name on it.
In Cherry v. Cherry (1981), 66 Ohio St.2d 348, the Ohio Supreme Court held that trial courts have broad discretion in arriving at an equitable property distribution in divorce cases. Id. at 355. A reviewing court can modify or reverse a property division only if it finds that the trial court abused its discretion. Id. A party seeking to have an asset classified as separate property has the burden of proof by a preponderance of the evidence. Peckv. Peck (1994), 96 Ohio App.3d 731.
R.C. 3105.171 (D) states that, except as otherwise provided, the court should disburse a spouse s separate property to that spouse.
 "`Separate property' as defined in R.C. 3105.171 (A) (6) (a) includes:
 "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
"* * *
 "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
In this case, appellant argues that appellee did not present any evidence that the vehicles were marital property. However, appellant, not appellee, had the burden of proof on this issue. As to the Cadillac, appellant did not provide any evidence that it was a gift, nor did he provide any evidence that it was intended to be a gift to him only. The court ordered that it be sold and the proceeds be applied to the parties' joint Visa obligation. As to the Mercedes, appellant did not provide the trial court with a title or any other documents that could trace the purchase to a time prior to the marriage. Furthermore, appellee testified that the Mercedes, although purchased prior to the marriage, was paid for through a joint checking account with her maiden name on it while the parties were living together. Appellant failed to meet his burden of proof and, therefore, the trial court did not abuse its discretion.
Appellant's third assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Cox, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ Gene Donofrio, Judge