Defendant-appellant Terry Young (hereinafter "husband") appeals the March 21, 2000 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's September 17, 1999 Decision, and which approved and adopted said decision as the order of the court. Plaintiff-appellee is Jane Young (hereinafter "wife").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on July 14, 1979, in Las Vegas, Nevada. Two children were born as issue of said union, to wit: Charles E. Young, who is now emancipated, and Valerie A. Young (DOB 9/16/84). The parties separated in November, 1997. On April 20, 1998, wife filed a Complaint for Divorce. Husband filed a timely answer and counterclaim. The parties stipulated to the grounds for the divorce as well as the custody of their minor child. The parties also stipulated to the characterization of much of their property as marital or separate. However, an issue remained as to the characterization of the remaining property, which is the subject of this appeal, as marital or separate. The property includes monetary gifts given to the parties by husband's parents, and a $50,000 "loan" given to husband by his father for a business venture which never materialized. The magistrate conducted a hearing on May 5, 1999, and August 11, 1999. Via Judgment Entry/Magistrate's Decision filed September 17, 1999, the magistrate found the monetary gifts given to the parties prior to 1997, were not traceable as separate property; therefore, the assets were marital property. The magistrate also found the $50,000 "loan" was marital property. Husband filed timely objections to the magistrate's decision relative to these findings. The trial court conducted an oral hearing on February 22, 2000. Via Judgment Entry filed March 21, 2000, the trial court overruled husband's objections, and approved and adopted the magistrate's decision as the order of the court. It is from this judgment entry husband appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THE CHRISTMAS GIFTS OF MONEY AND $50,000.00 LOAN WERE MARITAL PROPERTY.
Any other facts relevant to our discussion of husband's assignment of error shall be contained therein. I Herein, husband asserts the trial court erred in holding the monetary gifts and $50,000 loan from husband's parents were marital property. Specifically, husband argues the evidence presented established the monetary gifts and loan were not only his separate property, but also traceable. The overall appropriateness of the trial court's property division pursuant to divorce proceedings is reviewed under an abuse-of-discretion standard. Cherry v. Cherry. (1981), 66 Ohio St.2d 348. However, the trial court's characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and such characterization must be supported by sufficient and credible evidence. Chase-Carey v. Carey (Aug. 26, 1999), Coshocton App. No. 99CA1, unreported, citing McCoy v. McCoy (1995),105 Ohio App.3d 651, 654; Kelly v. Kelly (1996), 111 Ohio App.3d 641). Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse of discretion standard. R.C. 3105.171(D); Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Id. R.C.3105.171(A) provides, in pertinent part: (6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 * * *
(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
"Under previous law, the commingling of separate assets and marital property could destroy the character of the separate property, thus transmuting the separate property into marital property." Rinehart v. Rinehart (Dec. 13, 1995), Gallia App. Nos. 94CA26 and 95CA06, unreported. The act of commingling is no longer determinative of the character of the property. R.C. 3105.171(A)(6)(b) now provides the commingling of separate and marital property does not destroy the character of the separate property unless its identity as separate property is not "traceable." Peck v. Peck (1994), 96 Ohio App.3d 731,734. This Court has held the theory of transmutation still exists after the enactment of R.C. 3105.171(A)(6)(b). See, Black v. Black (Nov. 4, 1996), Stark App. No. 1996CA00052, unreported. In the absence of a finding the separate gifts to each party were transmuted into marital property, the key question then becomes whether the gifts may be traced after they were commingled. Peck, supra at 734. The party seeking to establish that an asset or a portion of it is his or her own separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to the separate property. Id. In the instant action, husband sought to establish the monetary gifts were his separate property. Husband introduced evidence in the form of the deposition testimony of his parents, Paul and Dorothy Young; his own testimony; and copies of checks from his parents' joint account. Paul and Dorothy Young both testified they gave monetary gifts to each husband and wife, with the intention these gifts were the sole and separate property of the individual to whom the check was written. The checks from husband's parents were payable to husband and wife individually, and each bore the salutation "Merry Christmas" on the memo line. The trial court found husband failed to establish by clear and convincing evidence the separate nature of the gifts. Nevertheless, the trial court conducted an analysis of the traceability of the property. Husband maintains he sufficiently traced the gifts into three investment accounts, despite the fact the gifts were initially commingled into the parties' joint checking account. The trial court reviewed the parties' bank records from June, 1985, through October, 1991, and from March, 1993, through February, 1998. The trial court analyzed the overall pattern of major deposits and withdrawals from the parties' joint checking accounts relative to the amounts and dates of the gifts and the funding of the investment accounts. The trial court's review revealed "no evidence to establish a tracing between the gifts and the deposits." Magistrate's September 17, 1999 Decision at 12. We have conducted a similar review of the records of the gifts, the deposits into and the withdrawals from the parties' joint checking accounts, and the establishment of the investment funds. We find the trial court's decision appellant failed to sufficiently trace the monetary gifts is supported by the record. We now turn to the trial court's finding the $50,000 loan appellant received from his father was marital property. During his deposition, Paul Young testified he lent husband $50,000 in 1992, for "the purpose of extending his business interest." Paul Young further testified repayment of the loan was to be made on the basis of the personal needs of Paul and Dorothy Young. Husband claimed the money was deposited into the parties' joint checking account. However, a review of the bank records fails to establish a corresponding deposit into the joint checking account. The trial court found no evidence to establish the transfer of the monies from Paul Young to husband, and no evidence to establish the traceability of the amount to an asset held by both parties or by husband alone. Our review of the record yields a similar finding, or lack thereof. Assuming, arguendo, husband received the $50,000 loan from his father, husband failed to show by a preponderance of the evidence the traceability of this amount as his separate property. Accordingly, we find the trial court's failure to classify the loan as husband's separate property is supported by the evidence. Based upon the foregoing, husband's sole assignment of error is overruled.
The judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
 __________________ Hoffman, P.J.
Edwards, J. and Reader, J. concur.