OPINION
This matter presents a timely appeal from a judgment rendered by the Monroe County Common Pleas Court, granting plaintiff-appellee, Stanley A. Davis, and defendant-appellant, Margie L. Davis, a divorce and dividing the marital assets and liabilities between the parties.
Appellee and appellant were married on December 5, 1987 in Woodsfield, Monroe County, Ohio. No children were born as a result of their marriage. The parties began to experience marital difficulties which culminated in appellee filing a complaint for divorce on March 13, 1998. Appellant responded by filing an answer and counterclaim for divorce. Following various pre-trial motions, this matter proceeded to a final divorce hearing on September 29, 1999.
Both parties testified at the final hearing. Following due consideration of the testimony and evidence presented, the trial court filed its judgment entry on October 28, 1999. The trial court found that the parties were incompatible and each was granted a divorce from the other on such basis.
The trial court recognized that each party brought certain assets into the marriage and identified assets which were accumulated during the parties' marriage. As such, the trial court assigned values to the marital assets and based upon the testimony presented at trial, divided all assets between the parties in a manner which it deemed just, fair and proper. The trial court further noted that appellant had engaged in various acts of financial misconduct and enumerated those acts which it took into consideration in rendering its decision with regards to the division of assets and liabilities. This appeal followed.
Appellant sets forth four assignments of error on appeal.
Appellant's first, second, third and fourth assignments of error have a common basis in law and fact, will therefore be discussed together and allege respectively as follows:
 "The Trial Court Abused Its Discretion In The Extent To Which It Made An Award To The Appellee Pursuant To O.R.C. § 3105.171(E)(3).
"The Trial Court Erred In Its Failure To Comply With The Requirements Of O.R.C. § 3105.171(G), Which Mandates Written Findings Of Fact That Support The Determination That The Marital Property Has Been Equitably Divided.
"The Trial Court Erred By Failing To Properly Apportion The Marital Debt Between The Parties.
"The Trial Court Erred In That It Did Not Credit Appellant For Her Premarital Property."
Appellant first contends that even though she engaged in financial misconduct, appellee suffered little or no damages as a result of her actions. Therefore, appellant submits that the trial court abused its discretion in awarding appellee approximately 74% of the marital property and in requiring that appellant assume responsibility for all marital debt.
Next, appellant argues that although the trial court set forth particular instances of misconduct in which she engaged, it failed to issue findings of fact in support of its determination that the marital property had been equitably divided, as required by R.C. 3105.171(G). Appellant also states that the trial court did not cite any controlling legal authority to conclude that the property division was equitable. Appellant contends that the trial court failed to relate how the actual distribution of assets to appellee was equitable when weighed against the award made to appellant.
Third, appellant submits that the trial court failed to equally divide the marital debt as required by R.C. 3105.171(C)(1). Appellant claims that it was inequitable for her to have been ordered to pay all of such debt and therefore, the trial court abused its discretion in making such division.
Finally, appellant argues that the trial court failed to properly credit her for her premarital property. Appellant cites to Kelly v.Kelly (1996), 111 Ohio App.3d 641, where the court stated that characterization of property as separate or marital is not discretionary and must be supported by sufficient credible evidence. Appellant also cites Peck v. Peck (1994), 96 Ohio App.3d 731, where the court stated that the commingling of separate and marital property does not destroy the character of the separate property unless its identity cannot be traced. Specifically, appellant maintains it was against the manifest weight of the evidence presented for the trial court to have found she failed to support her claim that the Prudential Bache accounts were her premarital assets and therefore not subject to distribution.
A trial court has broad discretion when fashioning a property distribution in a divorce action. Berish v. Berish (1982),69 Ohio St.2d 318. As such, the trial court's order will not be reversed on appeal absent an abuse of discretion. Martin v. Martin (1985),18 Ohio St.3d 292. The term abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
Pursuant to R.C. 3105.171(C)(1), an equal division of marital assets is the starting point in the trial court's analysis of what would constitute an equitable division. (See Cherry v. Cherry (1981), 66 Ohio St.2d 348). The trial court must make written findings of fact which support the determination that marital property has been equitably divided. R.C.3105.171(G). The requirement of written findings is a codification ofKaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97, wherein the Ohio Supreme Court held:
 "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."
Thus, although an equal property and liability division is a starting point when allocating marital property, a final decision need not be equal to be equitable.
Kaechele, supra. A reviewing court in a domestic relations appeal must insure that the trial court's ruling was fair, equitable and in accordance with law considering the totality of the circumstances and refrain from substituting its judgment for that of the trial court unless an abuse of discretion has been shown. Martin, supra at 295.
R.C. 3105.171(E)(3) states:
 "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
R.C. 3105.171(A)(3)(a)(iii) defines marital property as being allincome and appreciation on separate property, due to the labor, monetary or in-kind contributions of either or both of the spouses which occurred during the marriage. R.C. 3105.171(A)(6)(b) provides that commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when theseparate property is not traceable.
The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the assets to separate property and unless there is a clear abuse of discretion, the trial court's determination of such property, including distribution of the same, will not be reversed on appeal.Peck, supra.
In the case at bar, the trial court specifically stated in its journal entry that the distribution of the assets was in accordance with the provisions of R.C. 3105.171(E)(3) and was just, fair and proper. The journal entry meticulously listed all items that each party brought into the marriage and each item that was acquired during the marriage.
The trial court was in the best position to assess the credibility of the witnesses and to determine the weight to be afforded the evidence offered. Walworth v. B.P. Oil Co. (1996), 112 Ohio App.3d 340, citing toState v. DeHass (1967), 10 Ohio St.2d 230 . It was well within the discretion of the trial court to believe one witness more than another. The trial court clearly based its division of the parties' marital assets and liabilities upon several details which were enumerated in its final judgment entry. Such details included, but were not limited to, the fact that appellant committed financial misconduct, several instances of which were enumerated by the trial court and taken into consideration for purposes of a final distribution of assets and liabilities.
The trial court found that appellant acquired credit card debt after the parties separated on her own personal credit card. As such, the debt was not marital and therefore, not subject to division. The same is true for the replacement furnace which appellant had installed in the marital residence following the parties' separation.
Appellant was awarded the marital residence, which was her separate property prior the parties' marriage. She was then ordered to utilize the parties' Prudential Bache account in the amount of $54,000.00, which had previously been designated a marital asset, to retire the mortgage on the marital residence and was permitted to retain any balance. Therefore, the payment of such liability with marital funds ultimately inured to her benefit. Thus, appellant was left only with the debt remaining on the truck which she received as part of her distribution of marital assets. Given the foregoing, it clearly cannot be said that appellant was treated unfairly or given an unjust amount of marital liabilities in this matter.
Finally, it is clear from the record that appellant did not produce all the documentation concerning the Prudential Bache accounts and could therefore not trace what she claimed to be her premarital property. Because appellant could not trace her separate property, it was considered to have been commingled with marital property and thereby, was no longer considered separate property.
Based upon the totality of the circumstances presented in the case at bar and the fact that the trial court set forth sufficient written findings of fact, the trial court was well within its discretion in effecting a division of marital assets and liabilities in an equitable, rather than equal, manner. It cannot be said that the trial court's decision was unreasonable, arbitrary or unconscionable. Therefore, the trial court did not abuse its discretion in dividing the parties' marital assets and liabilities.
Appellant's first, second, third and fourth assignments of error are found to be without merit.
Donofrio, J., concurs, Waite, J., concurs.