This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, John Wheeler, appeals from the judgment entered in the Medina County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse in part.
 I.
Mr. Wheeler and Deborah Wheeler, appellee, were married on June 9, 1989. There were no children born as issue of the marriage. On March 22, 2000, Ms. Wheeler filed a complaint for divorce. Mr. Wheeler filed his answer and counterclaim on March 28, 2000. A trial was held on February 13, 2001, and, on March 22, 2001, the trial court entered a divorce decree. In the decree, the trial court ordered Mr. Wheeler to pay spousal support in the amount of $250 per month, plus two percent processing fee, until the death of either party, Ms. Wheeler's remarriage, or thirty-three months, whichever occurs earliest. Additionally, the trial court found that the couple's Raymond James account had a balance of $69,585.32. From such account, the court awarded Mr. Wheeler $10,000, from Mr. Wheeler's pre-marital IRA funds, as his separate property. The court also gave Ms. Wheeler $11,000, from the proceeds of an automobile accident settlement, as her separate property. This appeal followed.
 II.
Mr. Wheeler asserts three assignments of error. We will discuss them each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED IN FINDING THAT SPOUSAL SUPPORT IS "APPROPRIATE AND REASONABLE" AND THE TRIAL COURT DID NOT CONSIDER "ALL OF THE SPOUSAL SUPPORT FACTORS" IN MAKING ITS ORDER.
Mr. Wheeler asserts that, as there is not a specific finding in the divorce decree as to each statutorily enumerated factor, the trial court failed to properly address R.C. 3105.18(C)(1) in making its spousal support analysis and determination.[1] We disagree.
An appellate court will not overturn a spousal support award unless the award is unreasonable, arbitrary, or unconscionable. Kahn v. Kahn
(1987), 42 Ohio App.3d 61, 66. An appellate court presumes that the findings of the trial court are correct. In re Jane Doe I (1991),57 Ohio St.3d 135, 138. In order for an appellate court to overturn an award, the party challenging the award has the burden to show that the award is unreasonable, arbitrary, or unconscionable. Shuler v. Shuler
(Oct. 27, 1999), Lorain App. No. 98CA007093, unreported, at 4-5.
In making a spousal support determination, the trial court must consider the fourteen factors set forth in R.C. 3105.18(C)(1). This court has held that:
 Unlike the statute concerning property division, R.C. 3105.18 does not require a lower court to make specific findings of fact regarding spousal support awards. R.C. 3105.18(C)(1) does set forth fourteen factors the court must consider, however, in determining if spousal support is appropriate and reasonable. If the court does not specifically address each factor in it's [sic] order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 356.
Schrader v. Schrader (Jan. 21, 1998), Medina App. No. 2664-M, unreported, at 5.
Mr. Wheeler states that it was error for the trial court not to make a specific finding in the divorce decree as to each statutorily enumerated factor. In the present case, the trial court did not specifically address each individual factor within R.C. 3105.18(C)(1); however, the trial court's decision reflects that the factors were both reviewed and considered. Additionally, each factor applicable to this case is addressed in the court's order. Accordingly, we conclude that the trial court complied with the requirements of R.C. 3105.18(C)(1). Mr. Wheeler's first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT ERRED IN FINDING THAT $11,000.00 WAS THE SEPARATE PROPERTY OF WIFE AND THAT IT WAS INVESTED INTO THE "COUPLE'S FUNDS" AND THAT WIFE IS ENTITLED TO THIS SUM FROM THE RAYMOND JAMES ACCOUNT.
Mr. Wheeler avers that the trial court erred in finding that $11,000 was the separate property of Ms. Wheeler and awarding her $11,000 out of the couple's martial funds. Specifically, Mr. Wheeler avers that Ms. Wheeler provided no evidence that the money was her separate property. He additionally asserts that the $11,000 was spent by Ms. Wheeler and never commingled with the other invested funds of the marriage. Further, he contends that, in the first place, without considering whether such money became commingled with other funds of the marriage, the trial court should have considered the full amount to be marital property as the accident happened during the marriage. We agree that Ms. Wheeler failed to produce sufficient evidence to trace the settlement.
Under R.C. 3105.171, a trial court must classify property as marital or separate before such property can be awarded. A trial court's characterization of the property as separate or marital is a characterization that must be supported by some competent and credible evidence. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159; see, also, Spinetti v. Spinetti (Mar. 14, 2001), Summit App. No. 20113, unreported, at 7. The standard of review "is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal." Barkley, 119 Ohio App.3d at 159. As the trial court is best able to view witnesses, observe their demeanor, gestures, and voice inflections, and use those observations to weigh the credibility of the proffered testimony, this court is guided by a presumption that the findings of the trial court are correct. Id., citing In re Jane Doe I,supra.
By statutory definition, R.C. 3105.171(A)(6)(a)(vi) provides that separate property includes "[c]ompensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets[.]" Further, once the court makes a determination that property should be classified as separate property, R.C. 3105.171(A)(6)(b) provides that the "commingling of separate property with other property of any type does not destroy the identity the of separate property as separate property, except when the separate property is not traceable." The party seeking to have the commingled property deemed separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to his or her separate property. Modon v. Modon (1996), 115 Ohio App.3d 810, 815; Spinetti,supra. Accordingly, traceability has become the focus when making a determination as to whether separate property has lost its separate character after being commingled with marital property. See Peck v. Peck
(1994), 96 Ohio App.3d 731, 734.
Mr. Wheeler asserts that the trial court erred when it found that $11,000 was the separate property of Ms. Wheeler, as Ms. Wheeler provided no evidence to support her claim to the money.[2] Mr. Wheeler essentially contends that Ms. Wheeler failed to meet her burden to trace the proceeds from the automobile accident, which occurred in 1989, to the couple's marital funds. Upon reviewing the evidence, this court notes that both Mr. and Ms. Wheeler stated throughout the trial that they were uncertain as to what they did with the proceeds from the automobile accident. At trial, Ms. Wheeler testified that she was uncertain as to the amount of the settlement that remained once she paid her expenses. Further, she did not know what happened to the check, made payable to both Mr. and Ms. Wheeler, from the insurance agency because Mr. Wheeler handled the family's money throughout the marriage. Mr. Wheeler admitted that he handled the family's investments during the marriage but testified that he could not remember what happened to the money, an amount of $11,000, from the insurance proceeds. When questioned, he testified that the money probably went into a joint checking account that he and Ms. Wheeler shared. He also stated that, in 1994, Ms. Wheeler became angry with him and took all of their money out of the joint checking account. According to Mr. Wheeler, Ms. Wheeler kept all of that money for herself except $1,000.
Upon a thorough review of the record, we find that the trial court erred in awarding the $11,000 to Ms. Wheeler as her separate property, as there was no evidence presented to sustain the judgment. Ms. Wheeler, who had the burden of tracing the commingled funds to prove their character as separate property, admitted that she was neither sure of the amount that remained from the settlement nor where the proceeds from the settlement were placed. Mr. Wheeler further testified that he too was unsure as to what happened to the money. While he stated that it probably went into the joint checking account, he then added that Ms. Wheeler had taken all of the money out of the checking account. We, therefore, conclude that there was no evidence upon which the trial court could arrive at the decision that Ms. Wheeler had met her burden of proof, by a preponderance of the evidence, to trace the settlement to her separate property. Mr. Wheeler's second assignment of error is sustained.
 C. Third Assignment of Error THE TRIAL COURT ERRED IN FINDING AND ORDERING THAT THE BALANCE OF THE AFORESAID RAYMOND JAMES ACCOUNT WAS MARITAL PROPERTY AND SHALL BE DIVIDED EQUALLY * * *, AFTER THE $10,000.00 DEDUCTION FOR HUSBAND'S SEPARATE PROPERTY * * * AND WIFE'S SEPARATE PROPERTY[.]
Mr. Wheeler avers that the trial court erred when it found that only $10,000 in an account was his separate property. Specifically, he asserts that the trial court should have awarded him the interest which accrued while the $10,000 was invested in a premarital IRA and, subsequently, in the Raymond James account. We agree.
Marital property includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of spouses that occurred during the marriage[.]" R.C.3105.171(A)(3)(a)(iii); Simoni v. Simoni (1995), 102 Ohio App.3d 628,639. Whereas separate property includes "[p]assive income and appreciation acquired from separate property by one spouse during the marriage[.]" R.C. 3105.171(A)(6)(a)(iii); Sauer v. Sauer (May 30, 1996), Cuyahoga App. No. 68925, unreported, 1996 Ohio App. LEXIS 2275, *11. As provided in the statute, appreciation that is the result of the increase in fair market value of the separate property due to either location or inflation is passive income. Sauer, supra, at *11-12; Nine v. Nine (Mar. 1, 1995), Summit App. No. 16625, unreported, at 9-10.
In this case, both Mr. Wheeler and Julie Chrisman, Mr. Wheeler's wife from a previous marriage, testified that, as a result of their divorce in 1988, Mr. Wheeler kept $10,000 from IRA contributions that he had made between 1980 and 1984. Mr. Wheeler further testified and submitted documentation at trial that, in 1992, he invested the money, which had grown to approximately $13,000, into the Raymond James account. He asserts that, by this current date, the funds would have grown even larger due to passive income and appreciation which accrued on his separate property since 1992.
We find that the trial court did not follow the dictates of the statute and give Mr. Wheeler credit for the appreciation which accrued since the initial investment in the separate property which he acquired prior to the marriage. Ms. Wheeler has no interest in the passive income and appreciation of the separate property of Mr. Wheeler. Accordingly, Mr. Wheeler's third assignment of error is sustained.
 III.
Mr. Wheeler's first assignment of error is overruled. His second and third assignments of error are sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause remanded for a recalculation of the division of the Raymond James account, as provided in R.C. 3105.171, pursuant to the holdings of this court and for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
SLABY, J., WHITMORE, J. CONCUR.
[1] We recognize that this court's holding in the second and third assignments of error could affect the factors considered in the award of spousal support under R.C. 3105.18; however, as neither party reserved the issue of spousal support redetermination due to an adjustment in the division of property in the appeal, we decline to address the issue. As this issue has been waived, we may review the spousal support determination of the trial court in this appeal.
[2] For the purposes of this appeal, we will assume, without deciding, that the trial court was correct in its determination that the $11,000 initially constituted separate property under R.C.3105.171(A)(6)(a)(vi).