[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal in which defendant-appellant, Jill Nuzum, appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, valuing and dividing certain assets and liabilities in a divorce proceeding against plaintiff-appellee, Patrick Nuzum.[1]
Appellant first contends that the trial court erred by failing to award her $10,000 of a $13,000 workers' compensation settlement as her separate property. Appellant contends that the majority of the settlement money was used to pay for her wedding ring, a gift from appellee.
The assignment of error is overruled as the trial court did not abuse its discretion in determining that appellant's workers' compensation settlement had not been adequately traced in order to award it to her as her separate property. See Peck v. Peck (1994), 96 Ohio App.3d 731,734. While the commingling of separate and marital property does not destroy the character of separate property, the party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Id. Appellant herself testified that the wedding ring was purchased on a credit card, which balance was eventually paid from appellee's individual checking account. She offered no other evidence tracing the funds of the workers' compensation settlement.
Appellant next contends that the trial court erred by ordering her to pay the remaining debt associated with the appliances she purchased post separation. The assignment of error is overruled as the trial court did not abuse its discretion by ordering appellant to pay for purchases she made post separation, and which remain in her possession. See Kaechelev. Kaechele (1988), 35 Ohio St.3d 93, 95. We also note that appellant has failed to support her contention with any references to legal authority as required by App.R. 16. See App.R. 12(A)(2).
Appellant lastly contends that the trial court erred by failing to award her spousal support. The assignment of error is overruled as the trial court did not abuse its discretion by not awarding appellant spousal support. See Blakemore v. Blakemore (1993), 5 Ohio St.3d 217,218-219. The marriage was of a very short duration, approximately two and one half years. Appellee is employed and earns $90,500 per year. Although appellant did not work during the marriage, she is presently employed full time, earning $19,000 per year. This is the most she has ever earned. Appellant is thirty-six years old while appellee is fifty years old. The trial court reviewed the necessary statutory factors and made findings supporting its determination that spousal support was not necessary or appropriate in the present case.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Judge, Stephen W. Powell, Judge, Concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.