OPINION
Defendant-appellant/cross-appellee Robert Mark Eikleberry ("husband") appeals the May 16, 2001 Decision and Judgment Entry of the Ashland County Court of Common Pleas, Domestic Relations Division, which approved and adopted the Magistrate's December 21, 2000 Decision, with reservations, as the decision of the court. Plaintiff-appellee/cross-appellant Tonya Renee Eikleberry ("wife") cross-appeals the same.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on August 27, 1977. Three children were born as issue of said union, two of whom were still minors at the time of the divorce. Wife filed a Complaint for Divorce in the Ashland County Court of Common Pleas, Domestic Relations Division, on January 10, 2000. Husband filed an Answer and Counterclaim for Divorce. The matter proceeding for hearing before the magistrate on July 17, 2000.
The following evidence was adduced at the magistrate's hearing. Prior to the parties' marriage, husband and wife chose property located at 758 Township Road 3414, Loudonville, Ohio ("residential real estate") as their desired residence. Mack Oil Gas Co., a corporation owned by husband's father and brothers, purchased the real estate. On December 27, 1977, husband and wife entered into an agreement with Mack Oil Gas Co. to purchase the real estate for $42,000. Husband worked for Mack Oil Gas Co. at the time, and arrangements were made for the monthly house payments to be deducted from husband's paycheck. As a result of husband and wife's failure to make a balloon payment in January, 1979, the purchase agreement was never consummated.
Although the monthly payments continued to be withdrawn from husband's paycheck, Mack Oil Gas Co. transferred the title of the residential real estate to Mary June Eikleberry, husband's mother, as part of the divorce settlement between husband's parents. Title was transferred to husband in November, 1993, following his mother's death. At the time, the real estate had a fair market value of $38,000. A mortgage in the amount of $13,500 remained on the property. Husband testified his mother's estate made the mortgage payments for approximately one year, after which he and wife took over the payments. The parties mortgaged the property for $14,593.07 in April, 1996, and again on May 4, 1999, for $15,243.85. At the time of the magistrate's hearing, a balance of $21,867.46 remained on the later two loans. The current fair market value of the residential real estate at time of hearing was $75,000. The magistrate determined the value of the marital portion of the residential real estate, before any deduction for debt was $37,000 (current fair market value less husband's premarital interest of $38,000, the fair market value in 1993).
The magistrate filed his Decision on December 21, 2000. The magistrate gave wife the option to purchase husband's share of the residential real estate by paying husband $39,566.27, which represents the sum of husband's non marital interest in the property plus his one half share of the marital equity, $7,566.27, less his share of the mortgage debt, $6,000.
The parties filed their respective objections to the magistrate's decision. Husband objected to the magistrate's determination the residential real estate is, in part, marital property, as well as the magistrate's computations, division, and rulings with respect to said property. Wife objected to the magistrate's failure to find the entire equity in the residential real estate to be marital property.
The parities subsequently filed memoranda in support of their respective objections. Via Decision and Judgment Entry filed May 16, 2001, the trial court adopted the magistrate's decision with two reservations. The first reservation addressed each party's status with regard to his/her option to purchase the residential real estate. The second reservation addressed husband's health insurance. The first reservation as well as the trial court's characterization and division of the residential real estate are the sole issues of the appeal and cross-appeal.
It is from the this entry husband appeals, raising the following assignments of error:
 I. THE COURT COMMITTED ERROR OF LAW TO THE PREJUDICE OF THE RIGHTS OF THE APPELLANT BY CONSIDERING THE ENTIRE INCREASE IN VALUE OF THE REAL ESTATE TO BE MARITAL.
 II. THE COURT ABUSED ITS DISCRETION IN FAILING TO AWARD SPOUSAL SUPPORT TO THE APPELLANT.
 III. THE COURT ABUSED ITS DISCRETION IN PROVIDING A PREFERENCE TO THE APPELLEE TO PURCHASE THE RESIDENTIAL REAL ESTATE.
Wife has filed a cross-appeal from the same entry, raising as her sole assignment of error:
 I. THE TRAIL COURT COMMITTED PREJUDICIAL ERROR BY NOT AWARDING THE PLAINTIFF-APPELLEE A GREATER INTEREST IN THE MARITAL PROPERTY.
 APPEAL I CROSS-APPEAL I
Because husband's first assignment of error and wife's sole cross-assignment of error both challenge the trial court's determination of the parties' rights in the residential real estate, we shall address said assignments of error together. Husband maintains the trial court erred by classifying the entire increase in the value of the residential real estate as marital property. On the other hand, wife argues the trial court erred in failing to award her a greater interest in the residential real property.
The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property.[1] "Separate property" may be converted to "marital property" through the process of transmutation.[2]
Transmutation is a process by which an act or acts of one party, the original owner, converts separate property into marital property.[3]
When a party challenges a finding of fact concerning the characterization of property, we review the trial court's decision as to that specific finding under a manifest weight of the evidence standard.[4] Under this standard, we do not weigh the evidence or judge the credibility of witnesses. Our role is to determine whether the finding is supported by relevant, competent and credible evidence.[5]
Husband contends the appreciation in the property was passive and not the result of the parties' joint labor and money; therefore, the trial court should have classified it as separate property. The record reveals marital property, i.e. the parties' incomes, was used to pay for the house as well as other living expenses. Wife testified regarding the improvements she made to the residence. We find this testimony provided competent, credible evidence upon which the trial court could find the appreciation in the home was marital property.
We now turn to wife's assignment of error. Upon review of the record, we note the trial court did not mention the $13,500 mortgage owed on the property at the time of husband's inheritance. Husband acknowledged the existence of this mortgage as well as his obligation to repay it.[6]
There is no evidence from which to determine whether the $38,000 market value of the property at the time of husband's inheritance is the value of the property after a discount for the mortgage existing at the time of inheritance. Due to this lack of evidence, we reverse the trial court's determination $38,000 is husband's separate property and remand the matter for redetermination thereof taking into consideration, if not previously done, the mortgage outstanding on the property at the time of husband's inheritance.
Husband's first assignment of error is overruled. Wife's sole assignment of error on cross-appeal is sustained.
 II
In his second assignment of error, husband argues the trial court abused its discretion in failing to award him spousal support. In support of his assertion he is entitled to spousal support, husband submits wife has three times his earning ability; wife has a greater income; wife has retirement benefits, while husband does not; and wife was awarded the majority of the parties' assets.
A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard.[7] We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion.[8]
In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable.[9] We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
We find substantial evidence to support the trial court's decision not to award husband spousal support based upon a finding husband was voluntarily underemployed. The record reveals husband has a chronic, if not serious, problem with alcohol. Further, such problem interferes with his ability to maintain steady employment. Husband's income has decreased substantially over the years as his problem with alcohol has worsened. Husband's own behavior has prevented him from maintaining steady employment.
Husband's second assignment of error is overruled.
 III
In his final assignment of error, husband asserts the trial court abused its discretion in giving wife the first option to purchase the residential real estate. We disagree.
The record reveals the parties have lived in the residence since their marriage in 1977. The parties' three children were raised in the home and still resided there at the time of the divorce hearing. Wife was granted custody of the minor children. In light of these circumstances, we find the trial court did not abuse its discretion in giving wife preference to purchase the property.
Husband's third assignment of error is overruled.
The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, P.J. Farmer, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with this opinion and the law. Costs assessed to appellant.
[1] Peck v. Peck (1994), 96 Ohio App.3d 731, 734.
[2] Stalnaker v. Stalnaker (Dec. 20, 1999), Stark App. No. 1999CA00059, unreported.
[3] Black v. Black (Nov. 4, 1996), Stark App. No. 1996 COA 00052, unreported.
[4] Stalnaker v. Stalnaker, supra.
[5] C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus.
[6] Tr. of Magistrate's Hearing, July 17, 2000, at 155.
[7] Cherry v. Cherry (1981), 66 Ohio St.2d 348.
[8] Holcomb v. Holcomb (1989), 44 Ohio St.3d 128.
[9] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.