PECK, Appellee,

v.

PECK, Appellant.

[Cite as *Peck v. Peck* (1994), 96 Ohio App.3d 731.]

Court of Appeals of Ohio,
Butler County.

No. CA93–12–244.

Decided Sept. 6, 1994.

*Bressler, Shanks & Gedling Co., L.P.A.,* and *James L. Gedling,* for appellee.

*Baden & Jones Co., L.P.A.,* and *Mark N. Hardig,* for appellant.

---

WALSH, Presiding Judge.

Defendant-appellant, Thomas P. Peck, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting a divorce between appellant and plaintiff-appellee, Joanne Peck, and dividing the parties' property.

Appellee filed for divorce on September 8, 1992. Appellant filed a counterclaim on October 26, 1992. On July 23, 1993, the trial court held a hearing on property division. The parties were married twenty-one years and have one emancipated child, age twenty-one. Although both parties maintained separate IRA accounts and credit union accounts, they also owned joint banking accounts.

At the hearing, each party testified as to the property he or she felt should be considered his or her own separate property. Appellee testified that, following the death of her father, she inherited approximately $7,000, which she deposited into the parties' joint account. Appellant testified that prior to the marriage, he invested $8,000 of his savings into the purchase of a house with a friend named Otto Keene. Appellant later sold his interest in the house to Keene for $10,000. According to appellant, he used the $10,000 proceeds from the sale of the house to purchase the lot upon which the parties' marital residence was built. The marital residence was deeded in both parties' names and had an equity of $94,637 at the time of trial. Neither party presented any documentation to verify his or her claim that the assets in question were separate and should not be considered part of the marital estate.

After hearing all the evidence, the trial court announced its decision on the distribution of the parties' property and made various findings of fact and conclusions of law in connection with the property division. The court explained that both appellee's inheritance and the proceeds from the sale of the house appellant owned prior to the marriage were arguably assets of a nonmarital nature; however, the court found that neither asset was proven to be traceable and, therefore, the assets had been commingled with the marital property and had become part of the marital estate.

On September 10, 1993, appellant filed a request for written findings of fact and conclusions of law pursuant to Civ.R. 52. The trial court issued its judgment entry and decree of divorce on November 24, 1993, dividing the property in an essentially equal manner and restating its finding regarding the inheritance and the proceeds from the sale of the house appellant owned prior to the marriage.

The trial court also ordered appellant to pay appellee $250 a month in spousal support for a period of two years.

On appeal, appellant presents two assignments of error for review. In his first assignment of error, appellant argues that the trial court erred in failing to award him, as his separate property, the $10,000 he received from the sale of the house he owned prior to the marriage and which he used as a down payment on the marital residence.

In dividing property in divorce proceedings, the trial court is required to classify assets as marital or nonmarital and then award each spouse his or her separate, nonmarital property. R.C. 3105.171(B), (D). The trial court's characterization of property as separate or marital will not be reversed on appeal absent an abuse of discretion. *Hamblin v. Hamblin* (Oct. 18, 1993), Butler App. Nos. CA93–03–044 and CA93–03–048, unreported, at 7, 1993 WL 414253.

An interest in real property acquired prior to the marriage and an inheritance by one spouse during the course of the marriage are separate property. R.C. 3105.171(A)(6)(a). In the past, this court has cited *Kuehn v. Kuehn* (1988), 55 Ohio App.3d 245, 564 N.E.2d 97, for the proposition that under certain circumstances separate property may be converted to marital property when it is commingled with marital property. See *King v. King* (1992), 78 Ohio App.3d 599, 604, 605 N.E.2d 970, 972–973. However, R.C. 3105.171(A)(6)(b), enacted after *Kuehn,* clearly states that the commingling of separate and marital property does not destroy the character of the separate property *unless* its identity as separate property is not traceable. *Freytag v. Freytag* (Aug. 15, 1994), Butler App. No. CA93–11–223, unreported, at 6, 1994 WL 424135; *Williams v. Williams* (Aug. 15, 1994), Butler App. No. CA93–10–206, unreported, at 6–7, 1994 WL 424111.

Thus, traceability has become the focus when determining whether separate property has lost its separate character after being commingled with marital property. See *Freytag; Williams, supra.* The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. See *Franklin v. Franklin* (June 8, 1994), Summit App. No. 16366, unreported, 1994 WL 246156; *Tupler v. Tupler* (Jan. 12, 1994), Hamilton App. Nos. C–920852 and C–920887, unreported, 1994 WL 6003.

In the present case, appellant presented no documentation or other evidence to the trial court to sufficiently trace his allegedly separate property. Although appellee conceded that the marital residence was purchased with funds appellant received from the sale of real property he owned prior to the marriage, she could not recall the amount of these funds, and she presented no specific evidence tracing the financial history of the asset.

An examination of the record indicates that the trial court was within its discretion in concluding that, due to the lack of supporting evidence, appellant's claim for separate property was not sufficiently traced; therefore, the asset had become commingled into the marital estate during the parties' twenty-one-year marriage. See *Woolum v. Woolum* (June 28, 1993), Clermont App. No. CA92–12–116, unreported, at 6, 1993 WL 268879; *Wells v. Wells* (May 8, 1989), Butler App. No. CA88–04–050, unreported, at 4–5, 1989 WL 47878 (spouse's claim that marital asset was traceable to that spouse's separate property was unsupported by documentary evidence). Under the circumstances, we cannot conclude that the trial court's determination was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 481–482, 450 N.E.2d 1140, 1141.

■ Appellant also argues in his first assignment of error that, pursuant to R.C. 3105.171(D) and Civ.R. 52, the trial court was required to make separate written findings of fact and conclusions of law explaining its decision not to award to appellant, as his separate property, the proceeds from the sale of the house he owned prior to the marriage. R.C. 3105.171(D) provides that, if the trial court decides not to disburse a spouse's separate property to that spouse, the court must make written findings of fact explaining the factors it considered in making its determination. However, in the present case the trial court, within its judgment and discretion, characterized the property in question as marital, not separate, due to the insufficient proof of traceability. Therefore, no written findings were required by the statute.

Civ.R. 52 provides that, in a nonjury case, a trial court must make separate written findings of fact and conclusions of law if a party so requests. The trial court, in its ruling announced at the close of the hearing and in its judgment entry and decree of divorce, specifically and adequately explained its determination regarding the characterization of the money inherited by appellee and the proceeds from the sale of the home appellant owned prior to the marriage.

Therefore, the trial court did not err by failing to make separate written findings of fact and conclusions of law pursuant to appellant's Civ.R. 52 request. See *Abney v. Western Res. Mut. Cas. Co.* (1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348, 352, citing *Stone v. Davis* (1981), 66 Ohio St.2d 74, 84–85, 20 O.O.3d 64, 70–71, 419 N.E.2d 1094, 1101 (if trial court's ruling or opinion, together with other parts of the trial record, provide an adequate basis upon which an appellate court can decide the legal issues presented, there is substantial compliance with Civ.R. 52). Appellant's first assignment of error is accordingly overruled.

■ In his second assignment of error, appellant argues that the trial court erred in ordering him to pay appellee $250 a month spousal support for two

⸓

years. The trial court has broad discretion in fashioning spousal support. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178, 181. R.C. 3105.18(B) provides that after the court has determined the division of property, it "may award reasonable spousal support to either party." In determining whether spousal support is appropriate and reasonable, the trial court shall consider the factors listed in R.C. 3105.18(C)(1).

Furthermore, what is appropriate and reasonable in fashioning an award of spousal support depends upon the totality of the circumstances presented to the trial court. See *Noll v. Noll* (1989), 55 Ohio App.3d 160, 162, 563 N.E.2d 44, 47. We do not agree with appellant's contention that the trial court based its award solely upon an "insignificant" difference in the parties' incomes. From an examination of the record, it appears that the trial court considered all factors listed in R.C. 3105.18(C) in fashioning its award, including the relative incomes of the parties, the retirement benefits of the parties, the duration of the marriage, the standard of living established during the marriage, and the relative extent of education of the parties. See R.C. 3105.18(C)(1)(a), (d), (e), (g) and (h).

The evidence at trial indicated that appellant's annual income was approximately $46,000, and appellee's annual income was approximately $29,000. Although both parties maintained their own IRAs, appellant also received an interest in various employer-sponsored pension plans which were not available to appellee through her employer. Appellee has only a high school education, while appellant has completed at least two years of college.

In addition, the amount and duration of the award is certainly not excessive, totalling a sum of $6,000 before taxes over a period of two years. Therefore, we find that the trial court's award of spousal support to appellee was reasonable and not an abuse of discretion. Appellant's second assignment of error is accordingly overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

KOEHLER, J., concurs in part and dissents in part.

KOEHLER, Judge, concurring in part and dissenting in part.

Appellant testified that he sold his separate property and invested the proceeds of the sale, $10,000, into the real estate upon which the marital home was built. Appellee concedes this fact, although she could not recall the details. Under such circumstances, no additional documentary evidence is required to support appellant's contention.

Appellant's separate asset is clearly traceable into the marital home, and appellant's first assignment of error should be sustained. The trial court's decision on this issue should be reversed and the cause remanded for an equitable division of property after an award of appellant's separate property to him.