OPINION
{¶ 1} On May 7, 1973, appellant, Pamela Shipley, and appellee, James Shipley, were married. On June 9, 2000, appellee filed a complaint for divorce.
 {¶ 2} A hearing before a magistrate was held on May 31, 2001. By decision filed July 3, 2001, the magistrate recommended a division of the parties' property. At issue in this case is a $50,000.00 payment from appellant's mother for the construction of the parties' marital residence. The magistrate characterized said payment as a loan to both parties.
 {¶ 3} Both parties filed objections to the magistrate's decision. Appellant argued the $50,000.00 was a gift to her only and should be characterized as her separate property. Appellee argued the amount was a gift to both of them and should be deemed marital property. By opinion filed March 19, 2002, the trial court found the $50,000.00 to be marital property, finding the amount was a gift to both parties. A final judgment entry decree of divorce was filed on May 24, 2002.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "The trial court erred in designating the $50,000.00 gift from appellant's mother as marital property, said designation being against the manifest weight of the evidence."
 I {¶ 6} Appellant claims the trial court erred in determining the $50,000.00 amount from her mother was marital property. We disagree.
 {¶ 7} Initially, we note that we generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry
(1981), 66 Ohio St.2d 348. However, with the enactment of R.C. 3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. Chase-Carey v. Carey
(August 26, 1999), Coshocton App. No. 99CA1. See also, McCoy v. McCoy
(1995), 105 Ohio App.3d 651; Kelly v. Kelly (1996), 111 Ohio App.3d 641. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse of discretion standard. R.C. 3105.171(D); Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Id.
 {¶ 8} R.C. 3105.171(B) authorizes the trial court to determine "what constitutes marital property and what constitutes separate property." "Separate property" as defined in subsection (A)(6)(a) "means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 {¶ 9} "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 {¶ 10} "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 {¶ 11} "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
 {¶ 12} "(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17 of the Revised Code;
 {¶ 13} "(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;
 {¶ 14} "(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;
 {¶ 15} "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
 {¶ 16} The party seeking to have a particular asset classified as separate property has the burden of proof to trace the asset to separate property. Peck v. Peck (1994), 96 Ohio App.3d 731. We note it is up to the trier of fact to determine the weight of the evidence and the credibility of the witnesses. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 17} Appellant argues she proved the $50,000.00 was her separate property. The decisions of the magistrate and the trial court belie this argument:
 {¶ 18} "The Magistrate finds that despite the expressed views of the parties and the defendant's mother, this is a loan from her to the parties and as such needs to be repaid. The Magistrate would believe that the parties are going to view this payment in the light that would be most beneficial to themselves. For that reason the defendant says it was a gift to her which would mean that it must be considered as strictly her property and for that reason she should receive that as an immediate set off of non-marital property. For that reason the plaintiff states that he only recognizes a moral obligation to repay it rather than a legal one. No testimony was offered regarding any specifics of the mother's finances but the Magistrate gathers from bits and pieces of testimony that she is not in the position to be able to make payments such as this without significantly impacting her financial picture. The deposits by both parties into a joint marital account indicates an intention to repay this amount and is determinative of the nature of the payment as a loan to the parties." Magistrate's Decision filed July 3, 2001.
 {¶ 19} "* * *
 {¶ 20} "The Court sustains the objection to the $50,000.00 being characterized as a loan. Clearly the $50,000.00 was intended, at the time of the transfer, as a gift. The problem is whether it was a joint gift or intended solely for the defendant.
 {¶ 21} "While the letter written by the defendant's mother (Exhibit G) and her testimony are persuasive, two factors contradict the position of the defendant that it was a gift intended solely for her.
 {¶ 22} "During the marriage and, shortly after the home was completed, the plaintiff and defendant discussed saving money to give back to defendant's mother. Both agreed that the effort should be done even though the defendant's mother had indicated it was a gift. A savings account was opened and both parties contributed monies to this savings account with the intent that it would be given back to defendant's mother.
 {¶ 23} "Secondly and more importantly, the defendant filed a sworn statement of assets and liabilities. Contained in that affidavit is a section entitled `Separate Property Claims: [Defined in Ohio Revised Code3105.171(6)(A)]'. The defendant endorsed `no' to all categories; specifically included was `Gifts made solely to one spouse'. The defendant cannot claim she forgot the $50,000.00 gift because in the same affidavit under marital assets, she noted the $50,000.00 gift.
 {¶ 24} "These factors destroy the defendant's efforts to establish by `clear and convincing evidence' that the gift was her separate property. Whatever efforts the defendant's parents intended to make the $50,000.00 a separate gift to the defendant, the defendant transmitted the money into marital property by her actions, thoughts and deeds. She cannot, after July 3, 2000, now attempt to resurrect it as separate property. The objection is SUSTAINED and the Court determines the $50,000.00 gift to be marital property." Trial Court Opinion filed March 19, 2002.
 {¶ 25} Appellant's mother testified the $50,000.00 was a gift intended for appellant for "her dream home." T. at 68-69. Appellant testified the money went into a construction loan account. T. at 6. The account was in both parties' names. T. at 7, 100. Appellant stated the money was used as a down payment on the marital residence and the remaining amount was financed through a bank. T. at 76.
 {¶ 26} Sometime after the residence was completed, appellant "wished to save money in order to give money back" to her mother "if needed." T. at 7. A joint account was opened with both parties contributing to the account. Id. Appellee agreed to the account, but felt no legal obligation to repay appellant's mother as he understood the $50,000.00 "was part of her inheritance from her father, and I always felt that it was given to us so we could build the house." T. at 28-29.
 {¶ 27} The trial court had before it the testimony and the exhibits. We are not in a position to replace our judgment on the evidence. Upon review, we find substantial credible evidence that although the $50,000.00 was a gift to appellant, it was merged into the purchase of the marital residence. Joint contributions were set aside to repay the amount. The original separate gift to appellant was for a dream home that became the joint property of both parties. The parties treated the $50,000.00 as a joint gift and appellant did not even list the amount as separate property in her own affidavit. T. at 99-100; Plaintiff's Exhibit 16.
 {¶ 28} The sole assignments of error is denied.
 {¶ 29} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
Topic: Separate v. marital property of $50,000.