OPINION
{¶ 1} This accelerated calendar appeal, submitted on the briefs of the parties, arises from the Geauga County Court of Common Pleas, Domestic Division. Appellant, John W. DuBay, Jr., appeals the trial court's determinations regarding the division of marital property and allocation of childcare expenses subsequent to the parties' divorce decree. We affirm the lower court's decision for the reasons discussed below.
 {¶ 2} Appellant and appellee, Elizabeth DuBay, were married on June 26, 1993. One daughter was born on August 6, 1999. Appellee moved out of the marital residence with the child on March 27, 2001. Appellee filed a complaint for divorce on March 27, 2001. Appellant filed an answer and counterclaim on April 25, 2001.
 {¶ 3} Both parties reached agreement on several issues, including modification of visitation, child support and temporary spousal support. Remaining issues relating to division of property and debt, custody, child support and spousal support were brought before a magistrate on three separate occasions during March and April, 2002. The magistrate issued a decision on July 19, 2002. Appellant filed objections to the magistrate's decision on August 16, 2002. The trial court was not presented with a transcript of the proceedings held before the magistrate.
 {¶ 4} A judgment entry of divorce was issued on September 9, 2002, denying appellant's motions. Appellant filed a motion for relief under Civ.R. 60(A) on October 3, 2002, which motion was not ruled upon.
 {¶ 5} Appellant timely filed this appeal, citing three assignments of error.
 {¶ 6} "1. The court erred by making an obvious mathematical mistake in calculating the amount due the defendant husband from an IRA account."
 {¶ 7} "2. The court erred in ordering the husband to pay child care expenses calculated on a full time basis when it found that the wife was working only half time."
 {¶ 8} "3. The court erred in refusing to grant the husband credit for items he paid for the joint benefit of the parties."
 {¶ 9} Within his three assignments of error, appellant raises a number of issues related to the magistrate's findings of fact. Appellant argues that the trial court erred in calculating the value of his pre-marital contribution to an IRA account. Appellant further argues that the trial court erred in calculating childcare expenses. Finally, appellant contends that the trial court erred in not crediting him for paying approximately $38,000 in expenses that were for "the joint benefit of the parties".
 {¶ 10} Appellant contends that the trial court erred in making a mathematical mistake in calculating appellant's portion of the IRA account. Both parties stipulated at the hearing that appellant's premarital contribution to the account was $6,656.35. Both parties further stipulated that the balance in the fund as of December 31, 2001, was $15,525.47. In its finding of fact, the trial court concluded, "Mr. DuBay's pre-marital contribution was approximately 6% of the total in the IRA. Mr. DuBay should be awarded 6% of the account balance as his separate property in addition to his share of the marital portion."
 {¶ 11} Appellant asserts that the six percent figure calculated by the trial court was in error and the proper percentage should be 42.8%. In the alternative, appellant asserts that he should be awarded $6,656.35 (his premarital contribution as stipulated by the parties.)
 {¶ 12} Generally, this court has held that traceability of an asset is the key to determining whether the asset is separate property.Peck v. Peck (1994), 96 Ohio App.3d 731. However, the party seeking to have the property labeled separate bears the burden of proof, by a preponderance of the evidence. Letson v. Letson (Sept. 30, 1997), 11th Dist. No. 95-T-5356, 1997 Ohio App. LEXIS 4445, at *6.
 {¶ 13} In the case sub judice, the parties stipulated to the amount of appellant's premarital contribution. However, as noted by the trial court, no evidence was presented regarding any subsequent withdrawals or deposits into the account. Appellant urges this court to adjust the trial court's six percent figure to 42.8%, stating the trial court committed a mathematical error. It is not clear from the record before us how the trial court arrived at six percent. It is also not clear that it is a simple mathematical miscalculation. Without a record of the hearing, we must presume the validity of the proceedings and cannot modify the judgment based on appellant's bare assertions. Waddlev. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, at *7, citing Ackroyd v. Ackroyd (June 30, 2000), 11th Dist. No. 99-L-018, 2000 Ohio App. LEXIS 2983, at *2.
 {¶ 14} Regarding the trial court's findings of childcare expenses, appellant asserts in his brief that appellee is only working half-time and was working only half-time at the time the childcare expenses were calculated, but that the childcare expenses calculated by the magistrate were too high for half-time employment and were based upon a full-time work week.
 {¶ 15} In finding of fact number fifteen, the trial court noted that when the matter commenced, appellee was employed two days a week and has subsequently begun working three days a week. The court also noted in its findings that appellee is seeking full-time status at her current position. As such, the trial court expressly stated that it was awarding childcare expenses with a three-day workweek in mind. Appellant asserts that the childcare expenses are too high, but provides no clear evidence to support this assertion.
 {¶ 16} As noted above, appellant failed to provide the trial court with a transcript or affidavit supporting the objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides:
 {¶ 17} "Objections shall be specific and state with particularity the grounds of objection. *** Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 18} This court has long held that "a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits to the trial court the required transcript or affidavit."Willowick v. Gibaldi (Feb. 21, 1997), 11th Dist. No. 96-L-079, 1997 Ohio App. LEXIS 619, at *3. "Without an adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." Waddle v.Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, 2001 Ohio App. LEXIS 1551, at *7, citing Ackroyd v. Ackroyd (June 30, 2000), 11th Dist. No. 99-L-018, 2000 Ohio App. LEXIS 2983, at *2.
 {¶ 19} Therefore, based on the above, appellant is precluded from arguing any factual determinations on appeal and has waived any claim that the trial court erred in adopting the magistrate's findings. Cottlev. Cottle (Dec. 11, 1998), 11th Dist. No. 97-P-0091, 1998 Ohio App. LEXIS 5984, at *7.
 {¶ 20} For the foregoing reasons, we hold appellant's first, second and third assignments of error are without merit. The judgment of the trial court in this matter is hereby affirmed.
JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.