OPINION
{¶ 1} Appellant Patrick Hillard appeals a divorce judgment of the Stark County Common Pleas, Domestic Relations Division:
 {¶ 2} "The trial court erred as a matter of law in its 11/04/02 judgment entry ruling that it had sustained both parties' motions for new trial/motion to correct clerical error pursuant to CIV. R. 59(A)(9), when neither party moved to correct clerical error and no substantive changes were made regarding the marital residence or spousal support as requested in defendant's new trial motion.
 {¶ 3} "The trial court erred as a matter of law and abused its discretion to the prejudice of defendant-appelalnt in holding that the real property located at 2138 Mackay circle was marital property andordered it to be sold and the proceeds divided equally andMackay circle was marital property and ordered it to be sold and the proceeds divided equally and thereby failed to award appellant his separate property interest therein. said decision was against the manifest weight of the evidence.
 {¶ 4} "The trial court erred as a matter of law in overstating appellant's 2001 income by $21,000. Appellant's three year averaged income was then used with this substantially incorrect figure to calculate appellee's spousal support, to the prejudice of defendant-appellant.
 {¶ 5} "The trial court erred as a matter of law and abused its discretion in awarding appellee spousal support by merely reciting the statutory factors without sufficient evaluation of the evidence."
 {¶ 6} "The trial court's errors on the spousal support, separate property, and other property division issues when taken together represent `cumulative error' that resulted in substantial injustice to defendant-appellant so as to constitute reversible error."
 {¶ 7} Appellant and appellee Rocci Hillard were married on July 25, 1998. The marriage was the second for both parties, and no children were born as issue of the marriage. Appellee filed the instant action for divorce on January 24, 2002.
 {¶ 8} Appellee is employed as a workshop specialist for Stark County MRDD. Appellant is a financial planner and insurance salesman for Sagemark Consulting.
 {¶ 9} Both parties owned real estate prior to the marriage. Appellee sold a condominium, realizing profits as a result of the sale in the amount of $21,175.71. Prior to the sale of the condominium, the parties had that property jointly titled in both names. Appellant sold real estate which he owned in Bath prior to the marriage. He applied $186,900 as a down payment on a home in North Canton, where the parties resided during the marriage. He purchased the North Canton property prior to the marriage, but the parties titled the property in both names. The court found that appellant was not entitled to a separate property interest in the money applied from the sale of the Bath residence to the down payment on the marital residence.
 {¶ 10} The court found that appellee's testimony that the intent of the parties was that upon marriage all property would be jointly owned, and they would jointly share in assets, evidenced donative intent to transfer possessory interest of separate assets into marital property. However, the court found the $21,000 realized from the sale of appellee's condominium to be her separate property. The court declined to grant appellant a separate property interest in funds expended for a breast augmentation procedure, but did award him a separate property interest in equipment and furnishings purchased from the sale proceeds of the Bath residence, to be used in the marital residence.
 {¶ 11} The court also awarded spousal support in the amount of $800 per month, for a twelve month period. The court did not retain jurisdiction over spousal support.
 {¶ 12} Both parties filed a motion for new trial. In addition, appellee filed a motion to correct a clerical error in the divorce judgment. The court sustained the new trial motions pursuant to Civ.R. 59(A)(9), amended its conclusions, and entered a nunc pro tunc judgment. This nunc pro tunc judgment is the final divorce entry of the court, which is appealed by appellant.
 I {¶ 13} In his first assignment of error, appellant argues that the court erred as a matter of law in its nunc pro tunc judgment, by stating that it had sustained both motions for new trial, when neither party moved to correct a clerical error, and no substantive changes were made as requested by the new trial motions.
 {¶ 14} On October 16, 2002, appellee did file a motion to correct a clerical mistake in the judgment.
 {¶ 15} Pursuant to Civ.R. 60(A), clerical mistakes in judgments arising from oversight or omission may be corrected by the court at any time on its own initiative, or on the motion of any party. While the court mistakenly states in its judgment that it is granting the new trial motions of both parties, pursuant to Civ.R. 60(A) the court has discretion on its own initiative to correct any clerical errors in the judgment. Further, appellee had filed a motion to correct a clerical error. We do not find that the court abused its discretion in correcting the clerical errors in the judgment. Further, based on our disposition of the remaining assignments of error in this appeal, the issue of the form of the judgment entry is moot.
 {¶ 16} The first assignment of error is overruled.
 II {¶ 17} In his second assignment of error, appellant argues that the court's finding that he intended to make an inter vivos gift of the $186,900 used as a down payment on the marital residence is against the manifest weight of the evidence.
 {¶ 18} Prior to the enactment of R.C. 3105.171 in 1991, transmutation, the process of converting non-marital property into marital property by commingling, was the law in Ohio. However, R.C.3105.171(H)(6)(b) provides that the commingling of marital and separate property does not destroy the character of the separate property unless its identity is no longer traceable. Holding property jointly is not determinative of whether the property is marital or separate. R.C. 3105.171
(H).
 {¶ 19} In general, the party seeking to have an asset declared separate property has the burden of proof by a preponderance of the evidence. E.g., Peck v. Peck (1994), 96 Ohio App.3d 731. Once it is proven that specific property was the separate property of one of the spouses at, or after, the time of the marriage, the burden shifts to the other spouse to prove by clear and convincing evidence that the property, or some interest therein, has been given to the other spouse.Helton v. Helton (1996), 114 Ohio App.3d 683, 685. A spouse may convert separate property into marital property by making an inter vivos gift to the other spouse. Id. To prove that an inter vivos gift has been made, the following elements are required: (1) an intention on the part of the donor to transfer the title and right of possession of the property to the donee then and there, and (2) in pursuance of such intention, a delivery by the donor to the donee of the subject matter of the gift, to the extent practicable or possible considering its nature, with relinquishment of ownership, dominion and control over it. Id.
 {¶ 20} In the instant case, appellant clearly met his burden by a preponderance of the evidence of demonstrating that the $186,900, representing profits he realized from the sale of a separate residence, was used as a down payment for the marital residence. Appellee did not dispute that this money was his separate property at the time of the marriage. However, the court's judgment that appellee met her burden by clear and convincing evidence of demonstrating that appellant intended to make an inter vivos gift of this money to her is against the manifest weight of the evidence.
 {¶ 21} Appellee testified that they agreed they would do everything jointly. Tr. 19. When asked if there was a great deal of discussion about this, she testified, "It was a given, there wasn't a discussion other than that's what we've done." Tr. 19. While finding that this evidence was sufficient to demonstrate an inter vivos gift of the money used by appellant as a down payment on the home, the court found that the profit realized by appellee from the sale of her separate condominium was separate property, in contradiction to her testimony that they agreed to share everything jointly. In addition, the court awarded appellant a separate property interest in furnishings and a refrigerator purchased for the marital residence from his separate funds from the sale of his separate residence.
 {¶ 22} Appellee's testimony that without any discussion, she assumed they would share everything jointly, does not meet the standard of clear and convincing evidence that appellant intended to convey to her one-half of the $186,900 used to buy the marital residence as an inter vivos gift.
 {¶ 23} The second assignment of error is sustained.
 III {¶ 24} In his third assignment of error, appellant argues that the court erred by overstating his income by $21,000 for the year 2001, and basing a spousal support award on the overstated income. At oral argument, appellee agreed that the court improperly used the figure for gross income rather than adjusted gross income in the spousal support computation.
 {¶ 25} The third assignment of error is sustained.
 IV {¶ 26} Appellant argued that the court erred in awarding spousal support by merely reciting that the statutory factors were considered in making the award without stating reasons.
 {¶ 27} While we find that the court made sufficient findings to justify an award of spousal support, it is apparent from our ruling on Assignments of Error II and III that in order to equitably fashion a property division in the instant matter, the award of spousal support will need to be reconsidered. Therefore, the assignment of error is rendered moot by our dispositions of Assignments of Error II and III, as the issue will be before the trial court on remand.
 {¶ 28} The fourth assignment of error is overruled.
 V {¶ 29} Appellant argues that the court's errors, when taken cumulatively, were such a substantial injustice as to constitute reversible error. In addition to the errors referenced in Assignments of Error II and III, it appears from the court's division of property that the court divided the Charter One checking account, in the amount of $6342, twice. The court first awards the checking account to the wife, then later in the property division divides this account between the parties. However, as we have reversed the property division and spousal support award based on the reasons stated in Assignments of Error II and III, the entire property division will be before the court on remand.
 {¶ 30} The fifth assignment of error is sustained as to the issues raised in Assignments of Error II and III, and as to the Charter One account.
 {¶ 31} The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is reversed as to the property division and award of spousal support. The judgment is affirmed as to grant of divorce. This cause is remanded to that court for further proceedings according to law, and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.