OPINION
{¶ 1} The plaintiff-appellant, Paul Ward, Sr., appeals the September 5, 2003 judgment of the Common Pleas Court of Allen County, Ohio, granting him a divorce from the defendant-appellee, Magie Thompson Ward, and dividing the parties' property.
 {¶ 2} On April 18, 1998, Paul and Magie were married. However, Paul filed for divorce, alleging incompatibility, four years later in December of 2002. The matter proceeded to a two-day divorce hearing on April 30 and June 23, 2003. During the hearing, both parties presented testimony and submitted various exhibits regarding their assets and debts, including their bank accounts. On September 5, 2003, the trial court rendered its judgment granting the couple a divorce. In this entry, the trial court awarded a savings account from Member One Credit Union, totaling $27,773, to Magie. This appeal followed, and Paul now asserts two assignments of error.
The trial court committed error in determining certainproperty to be marital in nature.
 The trial court failed to consider defendants [sic]retirement in the distribution of assets.
 First Assignment of Error {¶ 3} In granting a divorce, a trial court is required to "determine what constitutes the parties' marital property and what constitutes their separate property." Barkley v. Barkley
(1997), 119 Ohio App.3d 155, 159, citing R.C. 3105.171(B). Ohio law defines "marital property" as "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage[.]" R.C. 3105.171(A)(3)(a)(i). "Separate property" is also defined by Ohio law. This definition in relevant part includes "all real and personal property and any interest in real or personal property that is found by the court to be any of the following: . . . [a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." R.C.3105.171(A)(6)(a)(ii).
 {¶ 4} The commingling of separate property with other property does not destroy the identity of the separate property as such, "except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). Thus, traceability is the key to determining whether separate property has lost its separate character after being commingled with marital property. Peck v.Peck (1994), 96 Ohio App.3d 731, 734. Moreover, the party seeking to have property declared separate has the burden of proof by a preponderance of the evidence. Kerchenfaut v.Kerchenfaut (Sept. 5, 2001), 3rd Dist. No. 1-01-14, unreported, 2001 WL 1023105; see, also, Okos v. Okos (2000),137 Ohio App.3d 563; Kelly v. Kelly (1996),111 Ohio App.3d 641, 642; McCoy v. McCoy (1995), 105 Ohio App.3d 651; Peck,96 Ohio App.3d at 734. After classifying the property as marital or separate, the trial court generally awards each spouse his or her separate property and then divides the marital property equally "unless an equal division would be inequitable."Barkley, 119 Ohio App.3d at 159, citing R.C. 3105.171(C), (D).
 {¶ 5} A determination by the trier of fact as to whether property is marital or separate will not be reversed on appeal unless this finding is against the manifest weight of the evidence. Barkley, 119 Ohio App.3d at 159 (citations omitted). Further, "[a] judgment of a trial court will not be reversed as being against the manifest weight of the evidence if the court's judgment is supported by some competent, credible evidence." Id. This highly deferential standard of review permits the affirmation of the judgment of a trial court if there is "even `some' evidence" to support the finding of that court. Id. In addition, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." Id., citing In re Jane Doe I (1991), 57 Ohio St.3d 135.
 {¶ 6} In the case sub judice, the trial court found that the Wards had both a checking and savings account at Member One Credit Union. The court awarded the checking account to Paul and the savings account to Magie. Paul now maintains that the trial court erred in awarding the savings account, totaling $27,773, to Magie because this account was his separate property.
 {¶ 7} During the divorce hearing, Paul testified that he had a savings account at Member One Credit Union when he married Magie and that he had approximately $27,000 in this account at the time of marriage. He further testified that this account contained approximately $26,000 at the time of the hearing. He later presented two exhibits, Numbers 24 and 73, regarding this account. These exhibits showed two transactions with this account, Account Number 882, and the balances of the account when these transactions occurred. One transaction occurred on July 26, 1996. Here, a check was issued from Account # 882 for $800, leaving a balance of $22,233.71. The second transaction occurred on October 10, 1997. On this occasion, a check was issued from Account #882 for $1,000, leaving a balance of $26,465.93. An additional exhibit, Plaintiff's Exhibit 17, consisted of a bank statement for Account #882 and showed a balance of $27,773.09 as of March 6, 2003.
 {¶ 8} The court determined that the differing amounts reflected ongoing transactions, including withdrawals and deposits. Furthermore, although Magie testified that the couple kept separate bank accounts, she also testified that Paul deposited a check, totaling approximately $10,000, into this account that they received from their insurance company for water damage to the garage from the leaking roof on the marital home. In addition, Paul testified that he used $2,500 from this account as a down payment for replacement windows for the marital home in 2001. Given this testimony and the exhibits presented, the trial court had some competent, credible evidence that the money in this account was marital property.
 {¶ 9} Paul presented no evidence that the withdrawals and deposits from this account during the marriage involved no commingling of separate and marital property. In addition, he provided no evidence to trace this account and the monies therein throughout the marriage to demonstrate that this account remained his separate property. In light of the limited evidence as to this account, the trial court did not err in concluding that the balance of this account was marital property and that Paul failed to satisfy his burden of demonstrating that it was and remained his separate property. Therefore, the first assignment of error is overruled.
 Second Assignment of Error {¶ 10} Paul asserts in his second assignment of error that the trial court erred in failing to consider Magie's retirement benefits from her one year of employment during the marriage, as required by R.C. 3105.171(A)(3)(a)(i), when distributing the couple's assets. While he is accurate in his statement that the trial court did not consider Magie's retirement benefits when distributing their assets, he is incorrect that the trial court erred in failing to do so.
 {¶ 11} To the contrary, the record is devoid of any evidence as to the valuation of these benefits accruing during the time of marriage. The only evidence regarding any retirement benefits of Magie was that she worked for Lima Correctional Institute prior to the marriage in April, 1998, and continued to work there until April of 1999, when she began receiving disability retirement income in the amount of $13,904.60 per year because of a lumbar injury with arthritis. Without any evidence before it regarding the retirement benefits accrued during the parties' marriage, the court was simply unable to consider this unknown amount when distributing the couple's assets. Thus, the failure to consider this was not error on the part of the trial court. Therefore, the second assignment of error is overruled.
 {¶ 12} For these reasons, the judgment of the Court of Common Pleas of Allen County, Ohio, is affirmed.
Judgment affirmed.
Bryant and Cupp, JJ., concur.