OPINION
{¶ 1} Defendant-appellant, John O'Donnell, appeals the decision of the Butler County Domestic Relations Court classifying and dividing property in a divorce proceeding. We affirm the decision.
 {¶ 2} Appellant and plaintiff-appellee, Patricia O'Donnell, married in June 1992. In June 2002, appellee filed for divorce. After a hearing, the domestic relations court granted the divorce and divided the parties' assets.
 {¶ 3} Appellant now appeals the domestic relations court's divorce decision, assigning two errors. In his first assignment of error, appellant argues that the court erred by classifying $17,000 given to the parties by appellant's parents as marital property. Appellant argues that the court should have treated the $17,000 as a marital loan.[1] Appellant also argues that the court erred by awarding bonds and shares of stock to appellee as her separate property.
 {¶ 4} We review a trial court's classification of property under a manifest weight of the evidence standard. Johnson v.Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001. This standard of review is highly deferential; even "some" competent, credible evidence is sufficient to sustain the trial court's judgment. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159.
 {¶ 5} After reviewing the evidence presented at the hearing, we find that the domestic relations court's decision was not against the manifest weight of the evidence. Appellant and his mother testified that the $17,000 was a loan to be used for repairs on the marital residence. However, other evidence supported the conclusion that the money was a gift to the parties and should be considered marital property. First, there was no documentation supporting the testimony that the money was given as a loan. Second, appellant's parents had given their other children similar sums and not been repaid. Third, appellant's parents did not request repayment until after the parties separated. Fourth, the repairs were never made. Accordingly, we find no error in the court's determination that the money was a gift to the parties and should be considered marital property.
 {¶ 6} As to the bonds and shares of stock, appellee testified that those items were gifts to her from her grandfather and parents respectively. The domestic relations court was in the best position to judge appellee's credibility, see Fite v. Fite
(Apr. 24, 2000), Brown App. No. CA99-07-022, and apparently chose to believe her. We find no error by the court in finding that the bonds and shares of stock were appellee's separate property. Accordingly, appellant's first assignment of error is overruled.
 {¶ 7} In his second assignment of error, appellant argues that the domestic relations court erred by not awarding him a $12,000 separate property interest in the marital residence. Appellant had received $12,000 in proceeds from the sale of a house purchased prior to the marriage. According to appellant, he used those sale proceeds for the down payment on the marital residence, and to purchase an air conditioner and gas furnace for the home.
 {¶ 8} The commingling of separate property with marital property does not automatically destroy the separate character of the separate property. R.C. 3105.171(A)(6)(b). However, the separate property must be traceable in order for it to retain its separate character. Id; Peck v. Peck (1994),96 Ohio App.3d 731, 734.
 {¶ 9} The record shows that appellant received $12,000 from the sale of premarital real estate. However, appellant provided no documentation that the $12,000 was applied toward the down payment of the marital residence, or the purchase of an air conditioner and furnace. Absent such documentation, the domestic relations court did not classify the $12,000 as separate property.
 {¶ 10} The domestic relations court's decision was not against the manifest weight of the evidence. While appellant testified that he applied the sale proceeds toward the down payment and improvements on the marital residence, the court was not required to believe him, especially given the absence of supporting documentation. Matters of credibility are for the trial court to determine. Fite, Brown App. No. CA99-07-022. We find no error by the court in finding that the $12,000 was not traceable.
 {¶ 11} Appellant also asserts that the domestic relations court "acted arbitrarily and without reason" in failing to consider evidence before it regarding the sale proceeds and down payment. Appellant notes that the court did not specifically address the portion of his motion to clarify regarding the sale proceeds and down payment.
 {¶ 12} We find no error by the domestic relations court with respect to its alleged failure to consider evidence. At the hearing on appellant's motion to clarify, the court specifically set forth on the record each issue raised by appellant, including the down payment issue. While the court did not specifically address each issue in its entry ruling on the motion, it did state that "the other orders" appellant sought to clarify were appropriate orders. After reviewing the record, it is apparent that the court considered appellant's arguments and the evidence it had before it.
 {¶ 13} Accordingly, appellant's second assignment of error is overruled. The judgment of the domestic relations court is affirmed.
Walsh and Valen, JJ., concur.
[1] Appellant wrote his parents a check for $17,000 from the parties' joint checking account shortly after the parties separated to pay off what he considered a loan.