{¶ 25} I must respectfully dissent from the majority affirming the trial court's decision to award the $155,000 from the sale of the Lost Trail property to appellee as his separate, premarital property.
 {¶ 26} Separate property includes all real and personal property that was acquired by one spouse prior to the marriage. R.C.3105.171(A)(6)(a)(ii).
 {¶ 27} A party claiming that property is not marital has the burden of proving it is his or her separate property, which must be established by a preponderance of the evidence. Peck v. Peck (1994), 96 Ohio App.3d 731,734. The proponent must satisfy two burdens. First, that the property satisfies one of the seven definitions of separate property in R.C.3105.171(A)(6)(a). Second, if it has been commingled, that the property can be traced to its prior separate identity. R.C. 3105.171(A)(6)(b).Peck at 734; Measor v. Measor, 160 Ohio App.3d 60, 2005-Ohio-1417, at ¶ 52.
 {¶ 28} In the case at bar, the evidence demonstrates that appellee acquired an interest in the Lost Trail property prior to his marriage to appellant.
 {¶ 29} Appellee purchased the Lost Trail property in 1985 for the sum of $70,000. Appellee paid the sum of $20,000 as a down payment for the purchase of the property, and financed the balance of the purchase price through a $50,000 mortgage. Appellee was in possession of the home for four years prior to the marriage, and made monthly mortgage payments for that period with his own separate funds. In 1989, the parties entered into a common law marriage.
 {¶ 30} Appellant testified that in 1990, the title on the Lost Trail property was changed to include her name on the deed. Appellant contends that she contributed a $10,000 one lump sum payment towards the mortgage on the property. Appellee argued that he eventually paid off the mortgage from money he received from an inheritance. No evidence or documentation was produced in support of either of these claims. However, it is clear that during the marriage from 1989 to 1994, marital funds were used to make the mortgage payments on the property.
 {¶ 31} "When property is acquired by one spouse prior to marriage, using borrowed funds that are repaid during the marriage, using marital funds for the repayment, the property is not separate but marital, to the extent of the repayments which were made." Maloney v. Maloney,160 Ohio App.3d 209, 2005-Ohio-1368, at ¶ 80, citing McLeod v.McLeod, 11th Dist. No. 2000-L-197, 2002-Ohio-3710.
 {¶ 32} In regards to establishing the value of separate property, mere reference to the value of alleged separate property does not adequately trace the funds and establish separate property. Measor at ¶ 55.
 {¶ 33} In this case, evidence was offered that appellee purchased the Lost Trail property in 1985 for the sum of $70,000, and the parties sold the property for $155,000 in 1994. Thus, the property significantly appreciated in value during that same time period.
 {¶ 34} When either spouse makes a contribution, whether it is monetary, labor, or in-kind, that causes an increase in the value of separate property, the increase in the value is deemed marital property.Middendorf v. Middendorf, 82 Ohio St.3d 397, 400, 1998-Ohio-403; McLeod
at ¶ 29. On the other hand, appreciation resulting from an increase in the fair market value of separate property due to its location or inflation is considered passive income. McLeod at ¶ 29, citing Munroev. Munroe (1997), 119 Ohio App.3d 530, 536; Matic v. Matic (July 27, 2001), 11th Dist. No. 2000-G-2266, 2001 Ohio App. LEXIS 3360. Passive income and appreciation acquired from separate property by one spouse during the marriage, constitutes separate property under R.C.3105.171(A)(6)(a)(iii).
 {¶ 35} Here, there was no determination as to the how much of the appreciation in property value was passive and how much of the increase was a result of the labor, monetary or in kind contribution of either spouse during the marriage.
 {¶ 36} Appellee failed to meet his burden to show that mortgage payments during the marriage, and other factors of appreciation of the property, were traceable solely to him. Except for the $20,000 down payment, appellee failed to submit evidence as to this issue, i.e., mortgage payment documentation, home improvements, inheritance proceeds, and that the inheritance money he received was paid on the mortgage debt. Further, no evidence was presented as to the value of the property when the parties married in 1989.
 {¶ 37} For the foregoing reasons, there was insufficient evidence for the trial court to award the entire proceeds from the sale of the Lost Trail property to appellee, as his separate, premarital property. Thus, I would reverse the majority's decision as to the first assignment of error.