OPINION
{¶ 1} Defendant, Tracy Oberly, appeals from a judgment of the Greene County Court of Common Pleas which granted Plaintiff's, Stephanie Oberly, complaint for divorce.
 {¶ 2} Stephanie Oberly and Tracy Oberly were married on May 30, 1998 and had no children. Both parties were employed during the marriage. Prior to this marriage, *Page 2 
Tracy Oberly purchased a residence at 7300 South Charleston Pike in Greene County on December 30, 1997 for $65,000 with a down payment of $7,150. In 1998 the 7300 marital residence was appraised at $114,000, and the Oberlys refinanced it for approximately $97,000, which was used for home improvements. On April 20, 2000, Stephanie and Tracy purchased property at 6800 South Charleston for $65,000 with a down payment of $16,249.94. Tracy's father, Ted Oberly, provided $7,504.34 toward the down payment. Ted Oberly made several improvements to the land and garage on the property. Ted Oberly also paid some of the bills on the property for work that was done. On March 3, 2003, the 7300 property was appraised at $145,000 and refinanced for $121,500. The Oberlys used some of the money to pay off the mortgage on the 6800 property. Stephanie and Tracy separated in May of 2003. On December 23, 2003, Stephanie filed a complaint for divorce. Ted Oberly was granted the right to intervene as a third-party defendant on October 1, 2004. The hearing was held in the Greene County Court of Common Pleas on March 15, 2005 before magistrate Kristen Kelly. On April 6, 2005, Stephanie's debt was discharged in a Chapter 7 bankruptcy. The magistrate's order was filed on June 7, 2005.
 {¶ 3} On June 21, 2005, Ted Oberly filed an objection to the magistrate's finding that his testimony was not credible and conflicting. On August 25, 2005, Stephanie filed objections to the magistrate's order. Stephanie objected to no mention of the life insurance polices in the order, the debt on a Target credit card not being discussed in the order, and not awarding her any equity in a riding lawn mower. Tracy filed his objections to the magistrate's order on August 25, 2005. Tracy objected to the determination that the 7300 South Charleston property was marital property, the distribution of the equity in *Page 3 
the real properties, and the decision that he pay half of his former wife's credit card debt that had been discharged.
 {¶ 4} Judge Hurley granted the parties their divorce on June 5, 2006. The court overruled Ted Oberly's objection to the magistrate finding his testimony was not credible and conflicting. Judge Hurley agreed with the magistrate that Ted Oberly's testimony was contrary to his demand for a lien on the property or to be declared an equitable owner. Specifically, Ted Oberly testified that he never mentioned to either party that he expected to be paid for his labor. Also, he never expected to be repaid the money he lent his son for the down payment on the 6800 property. The June 5, 2006 entry overruled Stephanie's objections to the omission of the Target credit card as marital debt. The court reasoned that the debt had been discharged, so there was no need for the court to consider it. In addition, this entry sustained Stephanie's objection concerning the equity in the lawn mower and awarded her one-half equity in the lawn mower. The final entry overruled all of Tracy's objections. Tracy filed a timely notice of appeal. On appeal, Tracy raises his previous objections as the following three assignments of error:
 {¶ 5} "I. The trial court erred in not finding the real property at 7300 South Charleston Pike to be Defendant's separate property and in not treating it as separate property.
 {¶ 6} "II. The trial court erred in the proper division of equity in the real properties.
 {¶ 7} "III. The trial court erred in its characterization of Plaintiff's debts as joint debts and in ordering Defendant-Appellant, a non-debtor on those debts, to pay half of Plaintiff-Appellee's debts previously discharged in her chapter 7 bankruptcy." *Page 4 
 {¶ 8} Upon review of the record, we find that Tracy's third assignment of error has merit. Accordingly, the judgment of the trial court will be affirmed in part, reversed in part, and the cause will be remanded to the trial court for further consideration.
 I {¶ 9} In support of his first assignment of error, Tracy contends that because the property was purchased before the marriage, the property, along with any passive appreciation, is his separate property. Moreover, Tracy contends that title to the property remained in his name during the marriage, no property interest was transferred to Stephanie, nor was there any intent to transfer, and the property remained traceable to him alone. Tracy also contends that even if the refinance mortgage was paid with marital funds, it would only entitle Stephanie to some of the active appreciation to the 7300 property during the marriage.
 {¶ 10} "The trial court's characterization of property as separate or marital will not be reversed on appeal absent an abuse of discretion."Peck v. Peck (1994), 96 Ohio App.3d 731, 734, 645 N.E.2d 1300. The Ohio Revised Code defines separate property, in pertinent part, as "all real and personal property and any interest in real or personal property that is found by the court to be any of the following: (ii) any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage; (iii) passive income and appreciation acquired from separate property by one spouse during the marriage." R.C. 3105.171(A)(6)(a). The burden of proof that specific property is not marital but separate is upon the proponent of the claim to prove by a preponderance of the evidence. Peck, supra. Commingling of separate *Page 5 
property with other property does not convert the separate property into marital property unless the separate property is untraceable. R.C.3105.171(A)(6)(b). The focus in determining whether separate property has become marital property after commingling with marital property is traceability of separate assets. Peck, supra. Title to property is not a critical fact in the determination of its status as separate or marital property.
 {¶ 11} In the present matter, the final divorce entry determined the 7300 property to be marital property. The court reasoned that because the home was refinanced twice and the mortgage was paid out of marital funds, the property was converted into marital property. We agree.
 {¶ 12} Upon review of the record, the trial court did not abuse its discretion in deciding that the 7300 property was transformed into marital property. The 7300 property was refinanced twice during the marriage. (Tr. 94-6.) Furthermore, Defendant's Exhibit 8 depicts both Tracy and Stephanie as the borrowers for the second refinance on the 7300 property, which was used to pay off the mortgage on the 6800 property. In addition, Tracy submitted no documentary evidence to separately trace the mortgage payments to his own assets. The determination that the 7300 property is marital property was reasonable and is affirmed.
 {¶ 13} The first assignment of error is overruled.
 II {¶ 14} In support of his second assignment of error, Tracy contends that the only reason there is equity in the 6800 property is because the mortgage was paid off by some of the funds from the March 2003 refinance of the 7300 property. Further, Tracy *Page 6 
contends that because of Stephanie's bankruptcy, he is now solely liable for the remainder of the mortgage on the 7300 property, which is encumbered by the pay off amount of the 6800 property.
 {¶ 15} In domestic relations cases, the trial court has broad discretion to divide property, and absent unreasonable, arbitrary, or unconscionable conduct, its decision will not be disrupted on appeal.Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401, 696 N.E.2d 575. As long as there is some competent or credible evidence to support the trial court's decision, there is no abuse of discretion. Middendorf,supra.
 {¶ 16} In divorce proceedings, the trial court determines what constitutes separate or marital property. The court will then divide the marital and separate property equitably between the spouses. R.C.3105.171(B).
 {¶ 17} The final entry held that the magistrate's order concerning the division of the equity in the South Charleston properties needed clarification. The entry then modified the division of marital equity. The court determined the value of the 7300 property as of May 1, 2003 to be $145,500. The court then subtracted the mortgage owed, $117,000, and the amount of Tracy's down payment, $7,150, to come up with an amount of $21,350 as the marital equity available for distribution. The court then awarded Stephanie one-half of that equity totaling $10,675. The court then added the down payment price to Tracy's portion to total $17,825 in equity for the 7300 property awarded to Tracy. Next, the court determined the value of the 6800 property as of May 1, 2003 to be $65,000. The court then subtracted the down payment money lent by Ted Oberly, $7,504.34, from the value to place the marital equity of the property at $57,495.66. Each party was awarded one-half of this amount, $28,747.83, as their equal share in the *Page 7 
marital equity. In total, Stephanie was awarded $39,422.89, and Tracy was awarded $46,572.83. The court awarded both properties to Tracy and ordered him to pay Stephanie her share of the marital equity.
 {¶ 18} Upon review of the entire record, we find that the trial court's distribution of the real property was supported by competent and credible evidence. There was ample evidence submitted at trial concerning the appraisal value of both properties, the purchase price of the properties, the amount of the down payments on both properties, and the amount still owed on the 7300 property. Finding that the trial court did not abuse its discretion, we affirm.
 {¶ 19} The second assignment of error is overruled.
 III {¶ 20} In support of his third assignment of error, Tracy contends that he should not be ordered to pay half of Stephanie's credit card debt for which any legal liability has been disposed of in bankruptcy.
 {¶ 21} Again, the trial court has broad discretion to divide property, and its decision will not be disrupted on appeal absent unreasonable, arbitrary, or unconscionable conduct. Middendorf, 82 Ohio St.3d at 401.
 {¶ 22} Stephanie testified during the trial that the credit cards in dispute were used to buy "household items, Christmas gifts, clothes, shoes for the kids, family, him, me." (Tr. 63.) The trial court reasoned that the credit cards were used during the marriage to the benefit of both parties. Moreover, because the credit cards were not used after the parties separated in May of 2003, they are marital debt. The court, however, did reserve *Page 8 
jurisdiction over spousal support to the extent that if Stephanie's discharged debtors seek payment from Tracy, Stephanie is then ordered to compensate Tracy for paying her discharged debts.
 {¶ 23} Upon review of the record, we agree with the court's determination that the credit card debt is marital. We do, however, disagree with the court's decision that Tracy pay half of the debt that has already been discharged to Stephanie. The trial court overruled an objection by Stephanie over the omission of a Target credit card as marital debt in the magistrate's order, stating that because the debt had been discharged there was no need for the court to consider it. Stephanie testified at trial that these credit cards, along with the Target card, caused her to file bankruptcy. (Tr. 64.) It is unreasonable to recognize that no liability exists on the Target debt because it has been discharged yet order Tracy to pay half of the remaining credit card debt that had likewise been discharged. The third assignment of error is sustained.
 {¶ 24} The trial court is to retain jurisdiction over this matter pending the outcome of Stephanie's bankruptcy hearing. If the discharge stands, Tracy is not liable to pay Stephanie. However, if the discharge is revoked, then the objection is overruled, and Tracy is ordered to pay one-half of the marital debt.
 {¶ 25} Having sustained the third assignment of error, the judgment ordering Appellant to pay one-half of the debt that had been discharged to the Appellee is Reversed and ordered vacated. In all other respects, the judgment of the trial court is Affirmed.
 FAIN and DONOVAN, JJ., concur. *Page 1