OPINION *Page 2 
{¶ 1} On July 23, 1994, appellant, Charles Petrella, and appellee, Michelle Petrella, were married. On April 21, 2006, appellee filed a complaint for divorce.
 {¶ 2} Hearings were held on August 15 and 16, 2007. During the hearings, the parties filed numerous stipulations on various issues including parental rights, child support, spousal support, and division of property and debt.
 {¶ 3} On October 10, 2007, the parties filed revised Joint Exhibit 2 which journalized their stipulations. By judgment entry decree of divorce filed May 6, 2008, the trial court granted the parties a divorce and divided the parties' remaining property and debt.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN ITS FINDINGS WITH REGARD TO MARITAL VERSUS SEPARATE PROPERTY AND DEBT."
 II {¶ 6} "THE TRIAL COURT ERRED BY FINDING THAT THE PARTIES ENTERED INTO A STIPULATION WHEN NO SUCH STIPULATION WAS MADE."
 III {¶ 7} "THE TRIAL COURT ERRED IN NOT HONORING THE PARTIES' STIPULATIONS AFTER ACCEPTING THE STIPULATIONS DURING TRIAL." *Page 3 
 I {¶ 8} Appellant claims the trial court erred in determining the Appleton Road property was marital property and the Chase, Kohl's, and Citibank credit card debt was marital debt.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 APPLETON ROAD PROPERTY {¶ 10} In its judgment entry filed May 6, 2008, the trial court found the Appleton Road property was marital property:
 {¶ 11} "The Court specifically denies the defendant's separate property claim involving this real property. Whatever separate property claim existed at the beginning of the marriage has been clouded and diluted by the use of marital funds for the obligation payment, multiple refinancing by the parties, and the use of a second mortgage on the property. The evidence also showed that the parties used cash from the refinancing to pay marital debt.
 {¶ 12} "The financial aspect of this property has been commingled to a degree that it cannot now be equitably separated out. Further, the defendant did not adequately trace the financial aspects of this asset." *Page 4 
 {¶ 13} Appellant argues the commingling of separate property does not destroy its identity if it is traceable. R.C. 3105.171(A)(6)(b) states, "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." "Thus, traceability has become the focus when determining whether separate property has lost its separate character after being commingled with marital property." Peck v. Peck (1994), 96 Ohio App.3d 731, 734.
 {¶ 14} The property in questioned belonged to appellant prior to his marriage. T. at 74. Appellant obtained a $65,000 open-ended mortgage in 1992, prior to the marriage in 1994. T. at 75-76; Exhibit 41. In 1998, the parties jointly executed a mortgage in the amount of $72,000. T. at 76; Exhibit 33. In 2002, the parties jointly executed another mortgage in the amount of $71,900. T. at 77; Exhibit 36. In 2003, the parties executed an open-ended mortgage in the amount of $41,900. T. at 77-78; Exhibits 35 and 40. Appellant admitted marital funds were used to pay on the mortgages. T. at 79. In addition, the storage shed on the residence was purchased with marital funds. T. at 108-109.
 {¶ 15} Appellant argues appellee's share should not be one-half of the net value of the property minus one-half of the marital equity in the property because the mortgages were refinanced and paid off through the refinances. We find appellant's actions to be inconsistent with his argument that the property was his separate property. By refinancing and having appellee sign as a mortgagor, as well as by paying off the debt with marital assets, the Appleton Road property has become marital property. We find the trial court's decision to be consistent with and supported by the evidence. *Page 5 
 CREDIT CARD DEBT {¶ 16} Appellee stated the Chase, Kohl's, and Citibank credit cards were used for ordinary costs associated with the marriage i.e., gasoline, groceries, purchasing children's clothing, prescriptions, eye doctor, etc. T. at 112, 114. The card with the highest outstanding balance, the Chase card, had a high balance prior to the parties' separation in 2006. T. at 111-112. We find the trial court did not err in concluding the outstanding balances on these credit cards were marital debt.
 {¶ 17} Assignment of Error I is denied.
 II, III {¶ 18} In these assignments, appellant challenges the trial court's determination relative to the stipulations filed by the parties.
 {¶ 19} In Assignment of Error II, appellant argues the trial court noted in its judgment entry that the U.S. Bank Standard Savings Account, #23651, was stipulated to be marital property when in fact there was no stipulation regarding this account.
 {¶ 20} In Assignment of Error III, appellant argues the trial court ignored the parties' stipulations as to the value and/or marital ownership of Petrella Hatch Builders, LLC. In the October 10, 2007 stipulation, the parties stated "[a]ll contested matters have been removed from the attached revised Joint Trial Ex. 2, and instead, the contested issues appear on the parties' respective balance sheets submitted for consideration***"
 {¶ 21} The parties agree the trial court's determination, predicated on their stipulations as to the savings account and the valuation and ownership of the LLC, is in error. See, Appellee's Brief at 10. *Page 6 
 {¶ 22} In light of the stipulations, the trial court's decision on the U.S. Bank Standard Savings Account is reversed and the issue is remanded for determination of the account as marital or separate property. In addition, the issue of the valuation of the LLC and the parties' proportional shares is remanded for re-determination.
 {¶ 23} Assignments of Error II and III are granted.
 {¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part, reversed in part, and remanded.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties. *Page 1