OPINION
{¶ 1} This is an appeal from the Ashland County Common Pleas Court in a divorce case relative to property division and the value thereof.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The parties to this cause were married on November 19, 1983. We are not concerned with the three children born of such union as to support, et cetera.
{¶ 3} Prior to the marriage, Appellant purchased 107.325 acres of vacant farm land for $100,000.00 with the sellers carrying financing.
{¶ 4} An FHA loan of $77,000.00 obtained by Appellant, again before the marriage, cleared the debt to the sellers of such land. An additional $24,300.00 was also borrowed as a farm loan.
{¶ 5} Before closing on such loans, Appellant had sold a five-acre tract leaving 102.324 acres to be subject to the FHA loans.'
{¶ 6} Payments by Appellant and Appellee from joint earnings were used on the FHA indebtedness after their marriage.
{¶ 7} On March 30, 1989, such parties re-amortized the FHA debt by a new mortgage executed by both in the amount of $79,715.76.
{¶ 8} Thereafter, the parties platted 18 parcels with the intention of acquiring proceeds to apply to the FHA mortgage and to build a home.
{¶ 9} Between 1994 and 1997, they sold four parcels for a total of $89,100.00. The proceeds of the last parcel cleared the FHA mortgage of 1989.
{¶ 10} Shortly thereafter, Appellant placed four parcels of the remaining land in survivorship jointly with Appellee.
{¶ 11} A loan of $100,000.00 was obtained on one of the survivorship parcels to build a residence.
{¶ 12} Four tracts were sold in 2000, which produced $92,000.00.
{¶ 13} At trial, the parties owned jointly 5.011 acres on which the home had been built and 8.298 vacant acres.
{¶ 14} Appellee also owned individually 58.698 acres of vacant land, which included two platted parcels of 2.296 acres each.
{¶ 15} The Assignments of Error are:
 ASSIGNMENTS OF ERROR
{¶ 16} "I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE RIGHTS OF THE DEFENDANT-APPELLANT WHEN DETERMINING THAT THE BARE ACREAGE WAS MARITAL PROPERTY AS OPPOSED TO THE DEFENDANT-APPELLANT'S SEPARATE PROPERTY.
{¶ 17} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN ADMITTING EVIDENCE OF VALUE ON BEHALF OF THE PLAINTIFF-APPELLEE WHEN THE VALUE HAD NOT BEEN DISCLOSED THROUGH DEPOSITION OR OTHER DISCOVERY AND BY INTRODUCING VALUE THROUGH WITNESSES WHO HAD NOT BEEN DISCLOSED THROUGH DISCOVERY PRIOR TO TRIAL."
 I.
{¶ 18} The First Assignment of Error questions the Magistrate's decision, approved by the court, relative to a determination of the status of marital property.
{¶ 19} Such decision provided:
{¶ 20} "20. It is further ordered, adjudged and decreed that Defendant, John Kline, be and hereby is awarded from the real estate owned by the parties, Parcel L-4, consisting of approximately 58.698 acres, which are unimproved but with sub-divisions ready for transfer, which parcel has an actual value of $229,371.00, less combined pre-marital interest in all parcels of real estate of $129,048.39, thereby awarding to Defendant a marital asset with a value of $100,322.61, plus an additional asset of $129,048.39, which is awarded to husband as his separate non-marital property. Plaintiff shall execute a Quit-Claim Deed conveying her interest in and to said property unto Defendant.
{¶ 21} "21. It is further ordered that Plaintiff, Gidget L. Kline, be and hereby is awarded all right, title and interest in and to the property owned by the parties known as Parcel L 4-6, consisting of approximately 5.011 acres, upon which is constructed the marital residence, subject to the indebtedness thereon, which indebtedness Plaintiff shall pay and satisfy and indemnify and hold Defendant harmless thereon. Defendant shall execute a Quit-Claim Deed conveying his interest in and to said property unto Plaintiff. Provided, however, said award to Plaintiff is subject to the following alternative in-kind division of improved real estate (marital residence) to Defendant if he so chooses. In lieu of the in-kind division of real estate known as Parcel L 4-6 to Plaintiff provided for immediately hereinabove and in lieu of the allocation of any mortgage debt to Plaintiff. Defendant shall have the option to pay the Plaintiff the sum of $63,500.00 in cash (the actual equity in the marital real estate), and with an offset permitted for any distributive cash award required to be paid by Plaintiff to the Defendant within 90 days following the Decree of Divorce and by Defendant, John Kline's, further assumption of all of the outstanding mortgage loan indebtedness due to Richland Bank. In the event Defendant opts for his alternative division of the improved, residential real estate, then the Defendant shall hold Plaintiff harmless from and indemnify Plaintiff for any liability she may incur with regard to the Richland Bank mortgage, and the Plaintiff shall convey her entire interest in this parcel of real estate to Defendant by property deed immediately upon receipt of payment from Defendant. It is further ordered that to exercise this alternative for the division of the marital residence, the Defendant must advise the Plaintiff in writing of his intent to assume the Richland Bank debt in total and of his intent to pay the Plaintiff the sum of $63,500.00 in the manner provided above within 22 days of the Decree of Divorce.
{¶ 22} "It is further ordered, adjudged and decreed that Plaintiff, Gidget L. Kline, be and hereby is awarded from the real estate owned by the parties known as Parcel L 4-8 consisting of approximately 8.298 acres of unimproved land, but sub-divided for resale, which real estate is free and clear of indebtedness. Defendant shall execute a Quit-Claim Deed conveying his interest in and to said property unto Plaintiff."
{¶ 23} As to the First Assignment of Error, Appellee argues that the objections to the magistrate's decision were insufficiently specific under Civil Rule 53(E)(3)(b) so as to permit consideration on appeal.
{¶ 24} Such objections were stated as follows:
{¶ 25} "1. The improper characterization of the real estate as being a martial and not partially separate.
{¶ 26} "2. From the valuations of the real estate assigned by the Magistrate.
{¶ 27} "3. The apportionment of the debt of the parties.
{¶ 28} "4. The distributive award ordered from the Defendant to the Plaintiff.
{¶ 29} "5. The failure to designate the Defendant's pre-marital real estate as his separate property.
{¶ 30} "6. The ordering of any payment of money from the Defendant to the Plaintiff.
{¶ 31} "7. The formula used by the Magistrate to determine values of acreage."
{¶ 32} We find that such objections, while not extensively stated, are sufficient to comply with such Civil Rule. Therefore, Appellee's arguments in this regard will not be considered further.
{¶ 33} Going then to the property division, R.C. 3105.171 provides in part:
{¶ 34} "(A) As used in this section:
{¶ 35} "(1) "Distributive award" means any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support, as defined in section 3105.18 of the Revised Code.
{¶ 36} "* * * (3)(a) "Marital property" means, subject to division (A)(3)(b) of this section, all of the following:
{¶ 37} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
{¶ 38} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
{¶ 39} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage; * * *
{¶ 40} "(b) "Marital property" does not include any separate property.
{¶ 41} "(4) "Passive income" means income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse.
{¶ 42} "* * *
{¶ 43} "(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
{¶ 44} "* * *
{¶ 45} "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
{¶ 46} "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
{¶ 47} "* * *
{¶ 48} "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
{¶ 49} "(b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.
{¶ 50} "(B) In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest.
{¶ 51} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
{¶ 52} "(2) Each spouse shall be considered to have contributed equally to the production and acquisition of marital property.
{¶ 53} "* * *
{¶ 54} "(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. The court may require any distributive award to be secured by a lien on the payor's specific marital property or separate property.
{¶ 55} "(2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome.
{¶ 56} "* * *
{¶ 57} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
{¶ 58} "(1) The duration of the marriage;
{¶ 59} "(2) The assets and liabilities of the spouses;
{¶ 60} "* * *
{¶ 61} "(9) Any other factor that the court expressly finds to be relevant and equitable.
{¶ 62} "(H) Except as otherwise provided in this section, the holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property.
{¶ 63} "* * *
{¶ 64} "(J) The court may issue any orders under this section that it determines equitable, including, but not limited to, either of the following types of orders:
{¶ 65} "* * *
{¶ 66} "(2) An order requiring the sale or encumbrancing of any real or personal property, with the proceeds from the sale and the funds from any loan secured by the encumbrance to be applied as determined by the court."
{¶ 67} In addition to consideration of the statutory provisions as applied to the facts of this case, the Ohio Supreme Court has held in Briganti v. Briganti (1984), 9 Ohio St.3d 220:
{¶ 68} "Accordingly, a reviewing court is limited to determining whether, considering the totality of circumstances, the trial court abused its discretion."
{¶ 69} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in this case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 70} In reviewing the objections to the Magistrate's decisions relative to the real estate, the trial court held:
{¶ 71} "The husband contends that the Magistrate improperly characterized the real estate as marital, rather than separate property, at page 10, and in Findings 13, 15 and 16, the Magistrate properly describes his findings in detail. There is no error here."
{¶ 72} The Magistrate's findings on which the trial court based its rejection of the real estate related matters stated:
{¶ 73} "13. The appreciation in 54.106 acres of the remaining acreage of parcel L[4], is solely the result of market forces, which currently value unimproved farmland at $3,500.00. The original purchase price, per acre, was $931.75 per acre (107.325 acres purchased for $100,000.00). The remaining parcels which have been subdivided, subdivided and sold during the parties' marriage, or which have been surveyed for subdivision, all have attained significant appreciation in value as a result of the combined activities of the parties during their marriage.
{¶ 74} "14. The original 107.325 acre tract of land, from which all of the parties' current real estate holding originate, was acquired by the defendant prior to the parties' marriage at a price of $100,000.00. At the time of the parties' marriage, however, there remained the sum of $77,000.00 due Farmers Home Administration (FHA) for the original purchase of the 107.325 acres. That debt was paid off during the parties' marriage through the subdivision of the original 107.325 acre parcel. Of the original 107.325 acres, the parties have jointly taken action to substantially improve, or to subdivide for resale all but 54.106 acres of the original parcel. Approved surveys have also been prepared and filed with the County Engineer's Office for the proposed subdivision of four new subdivision parcels which currently remain a portion of the parcels L[4] and L4-8. As a result of the approved survey and subdivision of the four parcels identified in Plaintiff Exhibit 41, which result from the actions of the parties during the marriage, the appreciation associated with these parcels is also marital property.
{¶ 75} 15. The Magistrate further FINDS that after deduction for the $77,000.00 FHA debt paid off during the parties' marriage, the remaining fair market value of parcel L[4] not yet subdivided for potential sale (or 54.106 acres) is the only real estate that has appreciated solely as a result of market forces. That remaining value in the 54.106 acre parcel is therefore, entirely the non-marital and separate property of the defendant, John C. Kline. The value of the defendant's separate, and non-marital interest in the real estate is found to be $112,371.00 [54.106 aces x $3,500.00 per acre ($189,000.00) less $77,000.00].
{¶ 76} "16. The value of and deduction for the defendant's non-marital, separate interest in the remaining subdivided parcels is found to be $4,669.00 for parcel L4-6 (5.011 acres x 931.75 per acre); $7,731.66 for parcel L4-8 (8.298 acres x $931.75); and $4,276.73 for the 4.59 acre portion of parcel L[4] for which subdivisions surveys have already been prepared and filed with County Engineer (4.59 acres x 9.31.75). The total remaining non-marital interest of the defendant originally held in all parcels other than the unimproved 54.106 passively appreciating acreage is therefore $16,677.39. This is the non-marital interest that existed in the acreage prior to active appreciation of those parcels through the activities of the parties during marriage."
{¶ 77} We note also that the Magistrate considered the applicable law as to marital and non-marital property and passive appreciation in his Conclusions of Law, all of which was approved by the trial court.
{¶ 78} It is important to note that the arguments of Appellant relate only to the bare land, when such arguments could, possibly relate to the residence parcel, thereby raising an inconsistency.
{¶ 79} We have reviewed these decisions in light of the applicable statutes and prior decisions, specifically, Kuehn v. Keuhn (1998)55 Ohio App.3d 345, Smith v. Smith (Jan. 22, 2004) Muskingum County App. Nos. CT2003-0008, CT2003-0020, Peck v. Peck (1994),96 Ohio App.3d 731, Valentine v. Valentine (Jan. 10, 1996), Ashland County App. 95 COA 01120, and Eichelberry v. Eicheberry (March 7, 2002), Ashland County App. No. 01 COA 01418, but in accordance with Peck,
supra, we find no abuse of discretion.
{¶ 80} We therefore deny the First Assignment of Error.
 II.
{¶ 81} In the second Assignment of Error, Appellant challenges the admission of testimony as to valuations.
{¶ 82} The trial court overruled this objection which was reviewed in Objection 2 to the Magistrate's Decision as to value determination.
{¶ 83} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that court's ruling as to such matters will not be reversed absent an abuse of discretion.Krischbaum v. Dillon (1991), 58 Ohio St.3d 58.
{¶ 84} We find no abuse of discretion in this regard and reject the Second Assignment of Error.
{¶ 85} This cause is affirmed.
Boggins, P.J., Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs assessed to Appellant.